CASE 24.—PROSECUTION AGAINST SARAH STEELY FOR MANSLAUGHTER.—February 23.

# Steely v. Commonwealth

Appeal from Whitley Circuit Court.

WILLIAM H. HOLT, Special Judge.

Defendant convicted and appeals.—Affirmed.

1. Criminal Law—Appeal and Error—Proceedings on Remand—Instructions.—It is the duty of the circuit court, on the second trial of a criminal case after remand on appeal to give the instructions directed by the appellate court.

2. Criminal Law—Parties—Aiders and Abettors—Acquittal of Principal.—An aider and abettor in the commission of a felony may be convicted, though the principal be acquitted of the crime charged.

3. Criminal Law—Evidence.—Where the acquittal of a principal charged with crime did not entitle an aider and abettor, jointly indicted with the principal, but separately tried, to a discharge, proof of such acquittal was incompetent for any purpose.

R. S. ROSE for appellant.

The record in this case shows that Granville Steely and his mother, the appellant herein, were jointly indicted for the murder of Martin B. Snyder. A separate trial being demanded, Granville was first tried and acquitted. On this trial Granville was a witness for his mother, and swore that he cut Snyder with a knife and killed him because he thought at the time that Snyder was about to kill his mother. There was some evidence that defendant told Granville to cut Snyder, but no evidence that she cut him. Our contention is that the guilt or innocence of the mother and son are commensurate and his acquittal should end the prosecution against her.

### AUTHORITIES CITED.

Sarah Steely v. Commonwealth, decided September 30, 1908; Petit v. Commonwealth, 57 S. W. 14; Cooper v. Commonwealth, 57 S. W. ——; Coffee v. U. S., 116 U. S. 436; U. S. v. McKee, 128 F. Case No. 15688; Bishop's Criminal Law, section 667; Hughes' Criminal Law and Procedure, section 2484; State of Montana v. Mary Glenn, 31 L. R. A. 294; ————— v. People, 80 N. Y. 327; Anderson v. State, 63 Ga. 675; Arnold v. State, 9 Texas App. 435; State v. Bogue, 52 Kansas 79.

JAMES BREATHITT, Attorney General, and TOM B. Mc-GREGOR, Assistant Attorney General, for Commonwealth.

Our contention is that it makes no difference if Granville Steely was acquitted on his trial, you can not acquit the appellant on that fact. They do not stand indicted in the nature of Granville Steely as principal, and appellant herein as accessory before the fact, but they stand as principals in the murder of Martin B. Snyder. As far as appellant is concerned it makes no difference whether Granville was tried and convicted or acquited, or was ever tried at all.

It is well settled that when two or more persons unite to accomplish a criminal object, whether through the physical volition of one, or of all, proceeding severally or collectively, each individual

Steely v. Commonwealth.

whose will contributes to the wrong-doing is, in law, responsible for the whole, the same as though performed by himself alone.

### AUTHORITIES CITED.

Sarah Steely v. Commonwealth, 33 Ky. Law Rep. 1032; Ky. Stats., section 1128; Reed v. Commonwealth, 30 Ky. Law Rep. 1212; Roberson's Criminal Law, section 78; Commonwealth v. Hicks, — Ky. Law Rep. 511.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

Appellant, Sarah Steely, was jointly indicted in the Whitley circuit court with her son, Granville Steely, a boy 15 years of age, for the murder of Martin B. Snyder. The homicide occurred in appellant's house, in the city of Williamsburg. The wounds of which Snyder died were inflicted by appellant's son with a knife, but both mother and son were indicted as principals. Appellant was accorded a separate trial, convicted of voluntary manslaughter, and her punishment fixed at confinement in the penitentiary for five years. She appealed from the judgment of conviction, and obtained in this court a reversal thereof. Steely v. Commonwealth, 112 S. W. 655, 33 Ky. Law Rep. 1032, 129 Ky. 524. The second trial in the circuit court resulted in a verdict finding appellant guilty of voluntary manslaughter, and fixing her punishment at confinement in the penitentiary for two years. Judgment was entered in conformity to the verdict, and appellant, having been refused a new trial, has again appealed.

As the opinion on the former appeal contains a statement of the facts, it will be unnecessary to elaborately repeat them here. We find, however, that the evidence on the last trial, while not substantially dif-

fering from that of the first, perhaps more sharply brought out some of the circumstances connected with the homicide relied on by the prosecution as establishing appellant's guilty participation therein as an aider and abettor. It is sufficient to say that the evidence of the Commonwealth tended to prove that appellant, whose character was shown to be not of the best, suffered deceased and several other men to bring to her home, on the night of the homicide, a keg of beer, of which all who were present drank. Shortly after the appearance of the beer deceased and others of the party present, including appellant's son, Granville Steely, engaged in a game of "craps" or dice upon the floor of the middle room of appellant's house. The persons engaged in the game sat upon the floor, light being furnished by a lamp standing on the floor. Others not engaged with the dice were drinking beer or singing, one playing a banjo and several, including appellant, were swearing and blackguarding. In the midst of the turmoil appellant became angry with one McFarland, and deceased, threatened to kill the former, and finally ordered all the visitors present to leave the house. At that juncture deceased, or some other member of the party, raised the lamp from the floor, and in doing so dropped the chimney and extinguished the light. According to some of the witnesses, when appellant ordered the persons present to leave the house, she got an axe with which she attempted to strike deceased upon the head, but he got hold of the axe, set the lamp on the table, struck a match and attempted to light it, failing in which, he said the lamp was his, and if he had to leave, he would take it with him. Appellant also claimed the lamp, and deceased started to the door with the lamp in one hand and holding to the axe

with the other, to keep appellant from striking him with it.  Upon reaching the door deceased struck her on the shoulder with the lamp, but without knocking her down.  When hit with the lamp appellant jerked the axe from deceased, and attempted to strike him with it, but did not succeed.  After deceased passed out of the door appellant threw a spittoon at him, and then her son, at her command, ran upon deceased and stabbed him twice with a dirk, inflicting wounds from which he died the next day.  Appellant was seen that night with the dirk with which deceased was stabbed shortly before the cutting occurred, and her son testified that he asked her for the dirk about the time the difficulty began, and she took it from her stocking and gave it to him, before he stabbed deceased with it.

The deceased made a dying declaration, which was read to the jury, wherein he said he had assisted in carrying the keg of beer to appellant's house, and all present had partaken of it; that he and appellant's son, Granville Steely, got into a crap game on the floor, and that. Granville began to pick up all the money that was placed on the floor, and gave it to his mother, who put it in her stocking; that appellant finally cursed and ordered him and the other persons present out of the house; that she then got the axe, and drew it on him, and he took up the lamp, which was his, threw it, and hit her on the shoulder, and as he passed out through the door, Granville Steely, by command of his mother, ran around and stabbed him twice.  Appellant and her son denied the taking of any money from the floor during the game of craps, and both testified that she did not get the axe until deceased had refused to obey her order to leave the house; that she did not attempt to strike him with it until he struck her with his fist and the lamp, and that

Granville stabbed him in defense of his mother, believing her to be in danger of death or great bodily harm at his hands. Appellant said that she was unable to remember that she commanded her son to cut deceased, but did not deny that she had done so. Some of the persons present at the time of the cutting of deceased corroborated, to some extent, appellant and her son's version of the difficulty and cutting, but in greater measure supported the witnesses introduced in behalf of the Commonwealth. The jury had before them all the facts, and it can not be denied that there was considerable evidence to justify the conclusion expressed by the verdict. They evidently believed that the killing of deceased was unnecessary, but effected under such circumstances as proved appellant's participation in it to have resulted from sudden heat and passion, rather than from malice. In view of which and her sex, they did not impose upon her punishment as severe as under similar circumstances they might have been willing to inflict upon a man.

Counsel for appellant insists that the court erred in instructing the jury. We can find no ground for this complaint. The instructions contained no error. They were copied from the opinion of this court on the first appeal, and the circuit court was directed in the opinion to give them upon the second trial of the case for the guidance of the jury, and its failure to do so would have been error authorizing a reversal.

It is further contended by counsel for appellant that as appellant's son, Granville Steely, who inflicted upon deceased the wounds from which he died, was separately tried and acquitted before the last trial of appellant took place, and as it is only claimed for the Commonwealth that appellant aided and abetted

in the homicide, she, too, was entitled to an ac-. quittal, and the jury should have been so advised by a peremptory instruction. This contention can not be sustained. In Reed v. Commonwealth, 125 Ky. 126, 100 S. W. 865, 30 Ky. Law Rep. 1212, the court had this question under consideration, and it was held in that case, as in numerous others, cited or reviewed in the opinion, that an aider and abettor in the commission of a felony may be convicted though the principal be acquitted of the crime charged. The soundness of this rule admits of no doubt, for as said in the case supra: "In such case the aider and abettor is equally guilty with the one charged as committing the crime. For, as already stated, each is the agent and instrument of the other. There is in law but one crime. Hence each, although performing different parts, is in law a principal, and is criminally responsible for the act of the other as well as his own act. For these reasons the aider and abettor may, as in the case of the accessory, be tried and convicted before the principal in the first degree is taken and tried, and in addition may be convicted, though the principal in the first degree be acquitted." We are unable to say upon what theory the jury trying Granville Steely acquitted him, but take it for granted that his youth, and the admitted fact that in cutting deceased he acted in obedience to a direct command from his mother, had much to do with it. Be this as it may, the jury in appellant's case evidently believed her to be the chief offender in the matter of the homicide, and that, though the wounds of which deceased died were inflicted wholly by her son, they would not have been inflicted but for her instigation; the son being merely her irresponsible instrument or agent, and she the chief mover and criminal.

It is also insisted for appellant that the court erred in excluding evidence of the acquittal of appellant's son. This contention is likewise unsound. As the acquittal of the son did not entitle appellant to a dis-charge, proof of his acquittal was incompetent for any purpose.

Finding in the record no cause for a reversal, the judgment is affirmed. Whole court sitting.