## Christie v. Commonwealth.

(Decided February 21, 1922.)

## Appeal from Marion Circuit Court.

1. Criminal Law—Principals and Aiders and Abettors—Indictment—Trial.—The principal and the aider and abettor may be indicted or tried jointly or separately.
2. Criminal Law—Aiders and Abettors—Acquittal of Principal or Conviction of Misdemeanor.—An aider and abettor in the commission of a felony may be convicted of the felony at a subsequent term of court, though the principal was tried at a former term and was either acquitted of the crime charged or convicted of a misdemeanor only.
3. Criminal Law—Principals—Aiders and Abettors—Evidence.—Proof of the trial of a principal and his acquittal or conviction of a misdemeanor only is not admissible on the trial of the aider and abettor.
4. Criminal Law—Credibility of Witnesses—Court not Bound to Hold Statements of defendant and his witnesses to be True.—As the credibility of witnesses is for the jury, the court was not bound to hold as a matter of law that the statements of defendant and his witnesses were true, especially in view of the fact that they were contradicted as to other material issues by the witnesses for the Commonwealth.
5. Criminal Law—Aider and Abettor—Sufficiency of Evidence.—Evidence in a prosecution for aiding and abetting in the malicious shooting of another, with intent to kill, held sufficient to take the case to the jury and sustain the verdict of guilty.

SAM T. SPAULDING and S. A. RUSSELL for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. H. Christie was convicted of aiding and abetting Dan McChord in the malicious shooting of Willie Vessells with intent to kill him, and his punishment fixed at confinement in the penitentiary for one year. He appeals.

In the afternoon of July 25, 1919, Dan McChord, who had been repairing an automobile belonging to Christie, went with Christie to the garage of Lewis & Drye in Lebanon, to purchase a horn for the machine. After purchasing the horn, McChord and Christie returned to the garage of Fugazzi, where McChord had been repairing the machine, for the purpose of obtaining a drill to bore holes in which to attach the horn to the machine. In the

meantime, Fugazzi had left with the drill, and McChord and Christie then returned to Lewis & Drye's garage for the purpose of using their drill. At that time, the electric current was cut off and McChord, who had formerly worked for Lewis & Drye, obtained permission to take the car to the repair shop and use the firm's tools for the purpose of fixing the machine so that the horn could be attached. The car was then driven from the street, through an alley to the rear of the garage, where the repair shop was located. Oscar Kemp, the foreman of the shop, was just closing the door next the alley, it then being a few minutes after six o'clock, which was quitting time. Kemp remained for a few minutes and then left. Willie Vessells, who had been out in town buying cigarettes, returned to the shop. Vessells was a mechanic and was in charge of the shop during the absence of the foreman. Vessells objected to the manner in which McChord was using some of the tools, and this led to an exchange of words between them. Vessells told McChord that he would have to get out. McChord questioned Vessells' authority and said that he would like to see a man of Vessells' calibre put him out. According to the evidence for the Commonwealth, Vessells informed him that he was going to see if he could not get him out. Christie and McChord say that Vessells said that he was going to get something to put McChord away with. As soon as Vessells left for the office, McChord told Christie that he knew they kept a pistol in the office, and that Vessells had gone for the pistol to shoot him, and asked Christie to let him have something to defend himself with. Christie took a pistol from his person and put it in the pocket on the inside of the car door. On seeing Vessells returning, McChord backed to the car, took the pistol in his left hand and put it in his left hip pocket. Vessells was accompanied by Horace Gartin, the manager of the garage. McChord asked Gartin who was boss there. Gartin replied that, when Kemp was away, Vessells was. At this point McChord and Christie say that McChord offered to shake hands with Vessells and Vessells declined to do so. Gartin told McChord that he would have to get out, and that he had come back for the purpose of putting him out. At the same time he began to pull the sliding door as if he were going to close it. About this time Vessells stated that he could whip McChord, and McChord replied that he had the advantage of him in the shop, but that, if he

wanted to fight, to come out on the street and they would have a fair fight. There were several steel axles standing in the corner of the shop beyond the door. McChord and Christie say that Vessells picked up one of the bars and started towards McChord, who backed towards the shop door. McChord said, "Don't come on me with that bar." When McChord got to the doorway, Vessells raised the bar to strike, whereupon McChord jerked the pistol with his left hand from his left hip pocket and shot Vessells. Christie said, "My God, McChord, why did you do that?" McChord replied, "I didn't go to shoot him then. I would rather it had been me that was shot." On the other hand, Gartin and Vessells claim that Vessells did not have hold of the bar when shot, but that he was going towards the door without any weapon in his hand. Gartin also says that though Christie did not say anything before the shot went off, Christie moved his head and the shot was immediately fired. There was further evidence that Christie said, "You boys must not fight," and that Christie and Gartin were trying to restrain them from fighting. It was also shown that Christie never knew Vessells until he saw him in the shop, and that he was not a companion or associate of McChord, but only a casual acquaintance.

It is first insisted that Christie could not be convicted of a higher offense than McChord, and that the court erred in refusing to admit in evidence the record of Commonwealth v. Dan McChord, from which it appears that McChord, at a former term of the court, was convicted of a misdemeanor only. It is the settled rule in this state that the principal and the aider and abettor may be indicted or tried jointly or separately. It is also the rule that an aider and abettor in the commission of a felony may be convicted of a felony at a subsequent term of the court, though the principal was tried at a former term and was either acquitted of the crime charged, or was convicted of a misdemeanor only, and proof of such trial and acquittal or conviction of a misdemeanor is not abmissible on the trial of the aider and abettor. Reed v. Commonwealth, 125 Ky. 126, 100 S. W. 856; Steeley v. Commonwealth, 132 Ky. 213, 116 S. W. 714; Cupp v. Comonwealth, 87 Ky. 35, 7 S. W. 405.

Another contention is that the evidence was insufficient either to take the case to the jury or to sustain the verdict. In this connection it is pointed out that Chris-

tie did not know Vessells, and that Christie took no part whatever in the discussion or quarrel that occurred between Vessells and McChord. It is further pointed out that Christie placed the pistol in the machine solely in response to McChord's request that he loan him something with which to defend himself, and that, after Vessells returned, he advised the boys not to fight and tried to keep them from fighting. From this, it is argued that Christie did not in any way aid, counsel or advise the commission of the offense, but advised against it, and expressed his condemnation of McChord's act. In reply to this contention it may be said in the first place that, as the credibility of the witnesses was for the jury, the court was not bound to hold, as a matter of law, that the statements of defendant and his witnesses were true, especially in view of the fact that they were contradicted as to other material issues by the witnesses for the Commonwealth. In the next place the jury not only had the right to disbelieve the statements of the defendant and his witnesses, but the further right to take into consideration the following circumstances: Christie had employed McChord to fix the machine and did not want to leave the garage until this was done. When Vessells demanded that they leave, they declined to do so and Vessells and McChord engaged in a quarrel. When Vessells left, Christie knew that Vessells was angry and would return for the purpose of putting McChord out. With knowledge of these facts, he furnished McChord the pistol with which the shooting was done. When Vessells returned with Gartin, there was no suggestion on the part of Christie that he and McChord leave the garage. He did not attempt to take the pistol from McChord, nor did he demand the return of the pistol. Indeed, according to his own evidence which the jury was not required to believe, he did nothing to show that he desired to withdraw the aid he had given McChord by furnishing the pistol except to say, "Boys, don't fight," and to try to separate them, while the evidence for the Commonwealth tended to show that McChord fired the shot in response to a nod from the defendant. Looking at the case in the light of all the circumstances, we are not prepared to say that the evidence of Christie's guilt was insufficient to take the case to the jury or to sustain the verdict.

Judgment affirmed.

Whole court sitting.