## Edwards v. Commonwealth.

(Decided September 26, 1924.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

Arson—Property of Another Burned Need Not be Insured or Covered by Lien.—Property of another need not be insured or covered by lien in order to make its unlawful burning arson, within Ky. Stats., section 1169.

STEPHENS L. BLAKELY for appellant.

FRANK E. DAUGHERTY, Attorney General, and ORIE S. WARE, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Edwards, on his separate trial under an indictment found in the Kenton circuit court charging

him and others with the crime of willfully, feloniously and unlawfully burning a warehouse belonging to another, was convicted and sentenced to confinement in the penitentiary. He prosecutes this appeal without bringing to this court the evidence heard upon his trial, it being stipulated by counsel that it was sufficient if the trial was otherwise properly conducted, to sustain the conviction. The indictment was found under section 1169 of our present statutes, and it is earnestly insisted that it was insufficient and the demurrer filed thereto should have been sustained; and that the instructions of the court which followed the language of the indictment were likewise erroneous. The criticism of the indictment as well as of the instructions is that it is neither charged in the indictment nor submitted in the instructions that the burned warehouse was either insured or had a lien upon it, it being claimed that the concluding clause of the section reading, ''or dwelling house or other building, or house upon which there is any insurance or lien,'' qualifies or. modifies all of the preceding denounced acts in the section, the beginning of which makes it a penitentiary offense to ''willfully and unlawfully burn a powder house, tobacco house, warehouse,'' etc.

To sustain the contention appellant's counsel rely on the cases of Renaker v. Commonwealth, 172 Ky. 714, and Wilhite v. Commonwealth, 203 Ky. 543, which he says sustain his contention that the indictment should specifically charge that the burned property was insured, or in lien, and that the instructions should submit that charge. It is true that those cases, especially the first one, so hold, but it will be observed that in each of them the burned property was owned by the defendant and the offense was necessarily the one embraced in the last clause of the section referred to (1169) denouncing the burning of a dwelling house ''upon which there is any insurance or lien,'' and which was manifestly and evidently intended to include the case of one burning his own property; and a history of the section, if there were no other grounds therefor, sustains that conclusion.

We have not taken the time to trace the complete history of the section (1169) involved, but we have done so sufficiently to illustrate, as we believe, the falsity of counsel's contention. In Bullitt and Fenland's General Statutes, edition of 1888, chapter 29, article VII, section 3, we find all of the present section 1169 except the last

clause thereof dealing exclusively with the burning of a dwelling house or other house upon which there was insurance or a lien and which clause was first enacted by the general assembly at its 1893 session and which appears as section 42 of chapter 182, page 756 of the Acts for that year. That session was a part of what is known as the ''Long Session'' of the General Assembly, which was the first one to convene after the adoption of our present Constitution, and as is universally known it enacted a complete new compilation of statutes. It re-enacted *in hac verba* the present 1169 section of the statutes and added thereto the last clause referred to, which was necessarily but the creation of an additional offense and which the legislature saw proper to catalogue and put in the same section with the associated statutory ones of prior creation; and it is perfectly patent that by so doing it was not intended to qualify or modify all of the prior statutory offenses by requiring that the burned property in every case should either be insured or have a lien on it. While the first part of the statute, neither as originally enacted nor now, expressly requires the property forbidden to be burned to belong to another, yet it has been so administered and construed by this court and circuit courts throughout the state, as will be seen from the case of Overstreet v. Commonwealth, 147 Ky. 471, wherein the defendant was charged with burning a storehouse, which is included in the statute when first enacted, and there was no allegation in the indictment that the storehouse was either insured or had a lien on it. The owner of the storehouse was named in that indictment as is also true here, and, of course he was a different individual from the defendant, showing that the defendant's crime, if any, consisted in willfully and unlawfully setting fire to and burning any of the described property *of another*.

In an effort to convince the court of the soundness of his contention counsel for appellant argues that unless his construction is correct then the various offenses created by the statute as originally enacted could be committed by the owner of the property, whether insured or not and regardless of its being in lien, the same as by a stranger and, therefore, it was useless for the legislature to attach the requirement in the amended portion of the section, which as we have seen is its last clause, that the burned property therein mentioned must be either insured or have a lien upon it. In making that contention

counsel overlooks the fact. that the statute as originally enacted, as construed and applied, required the property specified, the burning of which was prohibited, to be that *of another;* and he also overlooks the further fact that before the perpetrator can be convicted under the statute his act of burning must be "willful and unlawful," and we know of no statute or any rule of common law forbidding one to burn his own property unless for the purpose of fraudulently collecting insurance upon it or in some manner affecting a lien upon it, which are the elements in the amended portion of the section necessary to create a crime by the owner burning his own property.

Our conclusion, therefore, and which we think is inevitable, is, that the legislature in amending the section in 1893, as we have hereinbefore pointed out, did not intend to modify or qualify in any manner any of the offenses theretofore denounced, but, on the contrary, intended to create a new one applying to the owner of the property burning it for the purpose of defrauding another by collecting insurance thereon or in some manner affecting a lien held thereon by another, and that the elements relating to insurance or lien on the burned property are in no sense parts of the crimes enumerated in the preceding part of the section.

Wherefore, the judgment is affirmed.