## Dennison v. Commonwealth.

(Decided March 27, 1925.)

### Appeal from Boyd Circuit Court.

Arson—Offense of Burning "Storehouse" upon which there was Insurance Held Not to Include Stock of Goods Therein.—In view of Ky. Stats., section 460, requiring words to be given common and approved meaning, the word "storehouse," as used in section 1169, making it a crime to burn insured storehouse, refers only to the building, and does not include stock of goods therein, and proof that stock of goods was insured is insufficient to warrant conviction, and peremptory instruction to acquit should be given in absence of proof of insurance on building.

J. B. CLARK and S. S. WILLIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Appellant was found guilty under section 1169 of the statutes, and his punishment fixed at six years in the penitentiary. The indictment under which he was convicted is in part:

"The said defendants, Walker Dennison, W. J. Murphy, James Murphy, Roscoe Dennison and W. A. Lemaster, on December 10, 1923, and before the finding of this indictment, in the county and circuit aforesaid, did unlawfully, wilfully and maliciously and feloniously enter into a conspiracy with each other and with other persons to the grand jury unknown for the purpose and intention of setting fire to and burning a certain storehouse and building owned by the defendant, W. A. Lemaster, and located on Boyd street, near Normal post office, in Ashland, Boyd county, Kentucky, and then and there used and occupied by the said Walker Dennison and other persons to the grand jury unknown as a storehouse and depositary for goods, wares and merchandise and which then and there contained a stock of general merchandise, a further description of which is to the grand jury unknown and by the defendant Walker Dennison and other persons to the grand jury unknown, and upon which storehouse the de-

fendant, W. A. Lemaster, carried a contract of insurance against loss by fire in the sum of $1,000.00 with the Home Insurance Company, a fire insurance company duly authorized to and engaged in a general fire insurance business in the state of Kentucky, and that the said defendant Walker Dennison and other unknown owners of said stock of merchandise and fixtures used in connection therewith carried a contract of insurance, insuring said stock of merchandise and fixtures against loss by fire in the sum of $2,000.00, and which contract of insurance was made with and carried by the Northwestern Insurance Company, a fire insurance company duly authorized to and engaged in the general fire insurance business in said county and state. . . . All of which contracts of insurance were then and there in full force and effect and that while said conspiracy existed and as a result and in pursuance thereof, the said Walker Dennison, W. J. Murphy, James Murphy, Roscoe Dennison and W. A. Lemaster and other persons to the grand jury unknown did unlawfully, wilfully, maliciously and feloniously set fire to and burn said storehouse, stock of merchandise and fixtures used in connection therewith.''

When the case was tried, the proof showed clearly that the stock of goods was insured, but there appears to have been no proof of any insurance on the building.

At the conclusion of the evidence for the Commonwealth, the defendant moved the court to direct the jury to find him not guilty, which motion the court overruled.

Does the word ''storehouse'' as used in the statute and in the indictment mean and refer only to the building, or does it include the stock of goods in the building? Unless it includes the stock, and a stock of goods can be properly referred to and described as a storehouse, this motion should have been sustained. ''Storehouse'' is so used in Spencer, F. Q. II, vi. 6, and we find the word given in Webster as having that meaning, but this meaning is marked obsolete. The definition of storehouse as given in Ray, &c. v. Commonwealth, 12th Bush 397, is controlling.

Section 460 of the statutes provides: ''All words and phrases shall be construed and understood according to the common and approved usage of language.'' The legislature never intended to use the word storehouse as

meaning the stock as well as the building, hence it follows that the motion for a peremptory instruction should have been given.

The judgment is reversed and cause remanded for further proceedings consistent herewith.