## Smith v. Commonwealth.

(Decided December 3, 1926.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Aider and Abettor in Crime of Burning House May be Convicted After Principal's Acquittal (Ky. Stats., Section 1169).—Aider and abettor in crime of burning house of another, prohibited by Ky. Stats., section 1169, may be convicted after principal has been acquitted.

2. Arson—Case Held for Jury, in Prosecution for Burning Dwelling House (Ky. Stats., Section 1169).—Evidence held sufficient to take case to jury, in prosecution under Ky. Stats., section 1169, for burning dwelling house of another.

3. Arson—In Prosecution for Burning Dwelling House of Another, it Need Not be Shown that House was Insured, in Absence of Such Allegation in Indictment (Ky. Stats., Section 1169).—Defendant held properly convicted of burning dwelling house of another, under Ky. Stats., section 1169, though it was not shown that house was insured, where indictment did not allege that it was insured.

4. Indictment and Information—In Indictment for Burning Dwelling House, Charge that Furniture was Insured Held Surplusage (Ky. Stats., Section 1169).—In indictment for burning dwelling house of another, under Ky. Stats., section 1169, charge that furniture therein was insured, held surplusage.

5. Criminal Law—Judgment Will be Reversed as "Flagrantly Against Evidence" Only where Clearly Shown to be Result of Passion and Prejudice.—Court of Appeals will reverse judgment as being "flagrantly against evidence" only where it is so much against weight of evidence as to shock conscience and clearly appears to be result of passion and prejudice of jury.

CLEM W. HUGGINS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellees.

· OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellant, whom we shall call the defendant, was convicted of burning the dwelling house of another, his punishment fixed at one year in the penitentiary, and to reverse that he has prosecuted this appeal. On February 13, 1925, the defendant procured from the Mechanics' Insurance Company of Pennsylvania, a policy whereby that company insured against loss by fire the defendant's household and kitchen furniture and personal effects. This property was then situated at 450 Hiawatha street, in Louisville, Ky. On May 9, 1925, defendant moved to 543 Phillips' Lane and by proper endorsement upon this policy such removal was consented to and the policy made to cover this property at the new location. About 10 o'clock on the evening of May 15, 1925, this house and contents were discovered to be on fire. The kitchen and back part of the house were considerably burned and there was some fire in the front of the house, but the fire in that part of the house was extinguished before doing the damage that was done in the kitchen. An examination of the kitchen did not disclose the remains of any cooking vessels or chinaware, except one piece, or any knives, forks, tin cups, pots, pans, or other utensils such as are ordinarily used about a household. In the front of the house, no clothing was found except one man's shoe and one woman's slipper. There was a chiffonier in the front of the house, which was not burned beyond being blistered by the heat. The inside of the drawers of this chiffonier were not even scorched, and these drawers were all empty. In that part of this chiffonier that was arranged for the hanging of clothing, there was nothing found, except one old coat hanging on one of the hangers. No trunk was found and no woman's apparel of any kind, or other clothing.

Carl Smith, a cousin of defendant, had formerly boarded at this home, but had left there on the evening of the fire about 7:30. From him it was learned that the reason he left was because the house was to be burned; that May Smith, the wife of defendant, had told him, "It was going to come off on Friday night or Saturday night." He said that for some time, the burning of this home had been the subject of conversation in the home;

that Mrs. Smith was always talking of burning this home, and this property, to get the insurance, and when she told him the fire was going to come off, he took his things to a place on College street, where his cousin, Elzie Smith, was rooming, and put his things in Elzie Smith's room. He said he made the trip from Phillips' Lane to College street in a Ford automobile driven by defendant; that on the front seat of the car with the defendant was May Smith, defendant's wife, and on the back seat were Elzie Smith and the witness, Carl Smith; that the plan was that after leaving the witness and Elzie Smith at College street the defendant and his wife were to return to the house, "pull the fire," and be at the grocery when it happened. Defendant and his wife did return to the house. They were seen in the house; they then went to the grocery and were at the grocery, at the time of the fire. The grand jury returned an indictment in the first count of which William Smith was charged with burning this house and in the second count his wife, May Smith, was charged with the burning, and the defendant was charged with being present aiding and abetting. May Smith was tried first and was acquitted. Thereupon the defendant moved the court to abate the prosecution and quash and dismiss the indictment, because May Smith, who had been charged with having burned the house, had been acquitted, and he reasons that after the acquittal of the principal, he could not be convicted of aiding and abetting her.

In the case of Christy v. Com., 193 Ky. 799, 237 S. W. 660, we wrote and supported by citation of many authorities, this: "It is the settled rule in this state that the principal and the aider and abettor may be indicted or tried jointly or separately. It is also the rule that an aider and abettor in the commission of a felony may be convicted of a felony at a subsequent term of the court, though the principal was tried at a former term and was either acquitted of the crime charged, or was convicted of a misdemeanor only, and proof of such trial and acquittal or conviction of a misdemeanor is not admissible on the trial of the aider and abettor."

His next contention is that there was no evidence connecting him with the fire because Carl Smith and Elzie Smith, the witnesses who testified to the plans and arrangements about the fire, both said that on all occasions when the fire was mentioned, this defendant had

told his wife that he would rather she would not make any such remarks, that something could happen; that their house might be burned some time and it would cause them trouble, and he would rather she did not make such remarks. The proof showed that as they drove to College street on the evening of the fire, May Smith turned and asked Elzie Smith his advice about the matter. "He told her he would not give her any advice whatever; that there were dumber ones than her that got by with it and smarter ones got caught." William Smith claims he did not hear this conversation. Both Elzie Smith and Carl Smith say this fire was the subject of conversation all the way from Phillips' Lane to College street. The defendant claims he heard no such conversation and that if it took place he could not hear it, for the noise of the operation of the Ford, and the fact that his attention was fixed on the roadway and the driving of the machine. We know the Ford has made for itself some reputation as a producer of noise, still, we are persuaded that if this conversation took place between the defendant's wife seated beside him and the two witnesses seated in the rear seat, the defendant must have heard it, despite the noise, hence we are unable to say that there was no evidence to take the case to the jury.

Defendant was indicted under section 1169 of the Kentucky Statutes. No proof was offered that there was any insurance upon this house. In the case of Dennison v. Com., 208 Ky., 366, 270 S. W. 752, we reversed a case for the burning of a building because of failure to show that the building was insured, but in that case we copied the indictment into the opinion, and the indictment charged Dennison with the burning of a building that was insured, and as the proof failed to show that the building was insured, it was not sufficient to sustain the conviction. In the case of Edwards v. Com., 204 Ky. 515, 264 S. W. 1083, we gave a history of this section 1169. This section sets out a vast number of things that it shall be unlawful to burn. A man indicted under this section for burning a powder house, could not be convicted upon proof that he burned a pile of hoop-poles, or if indicted for burning a barn, he could not be convicted by proving he burned a pile of tanbark. In the first part of this statute it is made unlawful to burn a "tobacco house, warehouse,  .   .   .   or any other house whatever." If Dennison had been indicted under that, the

evidence would have sustained his conviction, but the grand jury had seen fit to indict him for an offense which is found in the latter part of this section, that is, for burning a house upon which there was insurance, and, of course, in order to sustain the conviction, it was necessary for the proof to show that Dennison was guilty of the offense charged in the indictment, which it failed to do; but this defendant was merely charged with burning a dwelling house, which would come within the term of "any other house whatever." There was no charge in the indictment that this house was insured, hence nothing to bring it within the Dennison case. It is true that this indictment does charge that this personal property was insured, but that is surplusage. In the case of McCurry v. Com., 205 Ky. 211, 265 S. W. 630, we said: "We are authorized to reverse a judgment as being flagrantly against the evidence only when it appears that it was so much against the weight of the evidence as to shock the conscience and to clearly appear that it was the result of passion or prejudice on the part of the jury." When we consider this case in the light of what we said there, we cannot feel that this verdict is flagrantly against the evidence. From all the facts and circumstances, it is evident that defendant knew that his wife was to set fire to the house at the time it was burned. After the fire, he attempted to collect the insurance on his household goods. We are at a loss to understand how the jury acquitted May Smith, but that is no reason the defendant should also go acquit.

The judgment is affirmed.