## Schwartz et al. v. Commonwealth.

(Decided January 28, 1930.)

EARL S. WINTER and LOUIS I. IGLEHEART for appellants.

J. W. CAMMACK, Attorney General, GEO. H. MITCHELL, Assistant Attorney General, WILBUR K. MILLER and GROVER H. CARY for appellee.

Opinion of the Court by Commissioner Hobson—
Reversing.

Appellants were indicted in the Daviess circuit court
under section 1169, Kentucky Statutes, for willfully,
unlawfully, and feloniously setting fire to and burning a
certain stock of goods owned by them, consisting of men's
clothing, shoes, etc., upon which there was then fire insur-
ance insuring the property against loss by fire. They
demurred to the indictment. Their demurrer was over-
ruled, and upon the trial of the case they were found
guilty and their punishment fixed at two years' imprison-
ment. They appeal.

The first question arising on the appeal is whether
the demurrer to the indictment should be sustained.
Appellants insist that the demurrer should have been sus-
tained on the ground that the statute does not include the
acts charged. Previous to the adoption of the Kentucky
Statutes it was provided in section 3 of article 7 of chap-
ter 29 of the General Statutes, as follows:

"If any person shall wilfully and unlawfully
burn a powder-house, tobacco-house, warehouse,
storehouse, stable, barn, or any house or place where
wheat, corn, or other grain, grass, fodder, hemp, cot-
ton, wool, fruit, ice, hay, or straw is usually kept, or
any other house whatever, or any stack, rick, or shock
of hay, fodder, flax, hemp, cotton, straw, or grain,
or pile of lumber, plank, rails, posts, hoop-poles,
shingles, boards, spoke-timber, stage-timber, cross-
ties, boat-gunnels, cordwood, or other timber or wood
prepared for any purpose of use or sale, or pile of
tan-bark, wheat, or other grain, or any bridge or
causeway upon a street, public highway, or private
passway, railroad, turnpike, plank or other road, or
canal, river, or other water, or steam saw or grist-
mill, water grist or saw-mill, or other mill or factory,
gas, coal, oil, iron, or water-works, rolling-mill, rail-
road car, still-house, engine, wagon, buggy, or car-
riage, threshing machine, mowing or reaping
machine, steam-boat, or other water craft or vessel,
he shall be confined in the penitentiary not less than
one nor more than six years."

The article covered arson and burning of buildings,
and clearly referred to the burning of the property of

544

another. In the revision of 1893, in section 1169, Kentucky Statutes, the following words were added at the close of the section after the word vessel: "Or dwelling house or other building or house upon which there is any insurance or lien."

In Edwards v. Commonwealth, 204 Ky. 515, 264 S. W. 1083, 1084, the defendant, who was indicted under section 1169 for burning the house of another, insisted that no offense was committed under the statute, unless the property was insured. In answer to this contention the court said:

> "In making that contention counsel overlooks the fact that the statute as originally enacted, as construed and applied, required the property specified, the burning of which was prohibited, to be that of another; and he also overlooks the further fact that, before the perpetrator can be convicted under the statute, his act of burning must be 'willful and unlawful,' and we know of no statute or any rule of common law forbidding one to burn his own property, unless for the purpose of fraudulently collecting insurance upon it, or in some manner affecting a lien upon it, which are the elements in the amended portion of the section necessary to create a crime by the owner burning his own property.
>
> "Our conclusion, therefore, and which we think is inevitable, is that the Legislature, in amending the section in 1893, as we have hereinbefore pointed out, did not intend to modify or qualify in any manner any of the offenses theretofore denounced, but, on the contrary, intended to create a new one, applying to the owner of the property burning it for the purpose of defrauding another by collecting insurance thereon or in some manner affecting a lien held thereon by another, and that the elements relating to insurance or lien on the burned property are in no sense part of the crimes enumerated in the preceding part of the section."

The same rule was followed in Dennison v. Com., 208 Ky. 366, 270 S. W. 752, where the stock of goods was insured, but there was no insurance on the house, and it was held that the peremptory instruction should have been given where the defendant was charged with burning his own house. Thus things stood until the Act of

March 25, 1926 (Acts 1926, c. 60), was passed; that act amended section 1169, Kentucky Statutes, by adding the words ''or stock of goods, wares or merchandise, or household goods or any article of personal property,'' after the words ''wheat or other grain'' and inserting the word ''automobile'' after the words ''buggy or carriage,'' so that the section as amended would read as follows:

> ''If any person shall wilfully and unlawfully burn a powder house, tobacco house, warehouse, storehouse, stable, barn, or any house or place where wheat, corn, or other grain, grass, fodder, hemp, cotton, wool, fruit, ice, hay, or straw is usually kept or any other house whatever; or any stack, rick or shock of hay, fodder, flax, hemp, cotton, straw or grain; or pile of lumber, planks, rails, posts, hooppoles, shingles, boards, spoke timber, stave timber, cross-ties, boat gunwales, cordwood, or other timber or wood prepared for any purpose of use or sale; or pile of tanbark, wheat or other grain; or stock of goods, wares or merchandise, or household goods or any article of personal property, or any bridge or causeway upon a street, public highway or private passway, railroad, turnpike, plank or other road, or canal, river or other water; or steam saw o grist mill, water grist or sawmill, or other mill or factory, gas, coal, oil, iron or water works, rolling mill, railroad car, stillhouse, engine, wagon, buggy or carriage or automobile, aeroplane, threshing machine, mowing or reaping machine, steamboat, or other water craft or vessel; or dwelling house or other building, or house upon which there is any insurance or lien, he shall be confined in the penitentiary not less than one nor more than six years.''

The fire in controversy occurred on January 4, 1927, and so the question presented is: Do the facts charged in the indictment constitute a public offense under the Act of 1926?

Under the statute in force prior to 1893 any person who willfully and unlawfully burned any of the things named in the statute, which were the property of another, committed the offense. In the revision of 1893 the addition to the statute only included a dwelling house or other building or house upon which there was any insurance or

546

lien, and extended the statute so as to include these things, though the property of the defendant. After this court had so interpreted the statute, in 1926 by the words added in the original statute, applying only to the burning of property of another, this clause was made to include a stock of goods or other personal property, but this addition in no wise changed the last clause of the statute, which was the only part of it applying to the burning of his own property by the owner. Roberson's New Criminal Law, sec. 708a. The Legislature recognized this and at the next session amended the statute (see Acts 1928, c. 40, p. 172) so as to make it include the burning by any one of insured goods, wares, or merchandise, whether the property of himself or another. The demurrer to the indictment should therefore have been sustained. This conclusion makes it unnecessary to consider the other questions discussed.

Judgment reversed, and cause remanded for further proceedings consistent herewith.