Willis KEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 21, 1956.

W. D. Bratcher, Greenville, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb. A. Stewart, Asst. Atty. Gen., for appellee.

HOGG, Judge.

Appellant, Willis Key, was convicted of the voluntary manslaughter of Cecil Brown and his punishment fixed at confinement in the penitentiary for a period of two and one-half years. On this appeal, appellant urges that: (1) The court erred in overruling the demurrer to the indictment; (2) he was prejudiced by the admission of evidence, over his objection, as to the operation of the automobile in which he was riding prior to the collision; and (3) the court erroneously allowed the display of exhibits to his prejudice.

At approximately 11:50 on the slightly rainy night of January 8, 1955, the 1949 Dodge two-door coupe in which appellant, Willis Key, and Kendall Wilkerson were riding crashed into an automobile driven by Cecil Brown on U. S. Highway 62 near Rockport, Kentucky. The position of the cars and the debris which had fallen from the cars indicated that the automobiles collided head on in the right lane in which Brown was traveling east toward Rockport. The impact caused the cars to come to rest with their front ends a few inches apart, with their tires about 16 inches from the edge of the pavement on the right side of the road and about 6 feet from the stripe in the middle of the road. A witness who ar-

rived at the scene soon after the collision occurred testified that Wilkerson was lying near the right side of the car in which he was riding and the right car door was open, while Key arose from his prone position on the pavement to walk about the scene. Brown was unconscious and died of a crushed chest soon after the collision.

The evidence shows that Key and Wilkerson had been drinking beer and whiskey all day prior to the accident. Wilkerson testified that they came into possession of some moonshine whiskey in two one-gallon jugs at a restaurant outside of Rockport while they were there from 6:30 to 9:00 in the evening. A broken jug was found in their wrecked car and another was placed into evidence at the trial after being found at the scene by a State Patrolman. When they left the restaurant, Wilkerson said he drove the car, which he owned, to a friend's house for a visit. Becoming quite intoxicated by this time, he turned the operation of the car over to Key when they left the friend's house about 10:30 and then "passed out," remembering nothing until he came to at the hospital. Key testified that he continued to drive the car until just prior to the collision, when they stopped to drink some whiskey. He said that at that time he gave the operation of the car back to Wilkerson. Each of the men testified that the other was driving at the time of the accident.

Several witnesses stated that they saw the men in their car when they stopped in Rockport at 11:30 p. m. across the street from Adriel Shaw's restaurant to talk with Aubrey Lee Robertson, who testified that Key was driving and Wilkerson was slumped over in the front seat. Robertson, Shaw, Shaw's wife, and Bobby Beck, who saw the car, stated that the headlights on it were not burning when it pulled away toward Highway 62 where the collision occurred. The man who accompanied Wilkerson and Key to the hospital in an ambulance after the accident testified, without objection, that while Brown was in a semiconscious condition he said, "They turned their lights on just as I hit them." Brown had not been drinking prior to the accident.

■ Appellant urges that the indictment was defective in that it did not advise appellant of the party charged or the offense with which he was charged, as provided in the Criminal Code of Practice, § 124. An indictment is sufficient in its description of the offense charged when it apprises the accused of the nature of the crime. Hutchcraft v. Commonwealth, 195 Ky. 591, 242 S.W. 580; Austin v. Commonwealth, 201 Ky. 615, 258 S.W. 86; Knuckles v. Commonwealth, Ky., 261 S.W.2d 667. Here, the indictment specifically stated that Key and Wilkerson were accused of the crime of voluntary manslaughter and described the acts constituting the offense. With respect to his contention that the indictment was faulty in that it did not apprise him of the particular person charged, it is well settled that an indictment is not defective where those accused of one crime are charged in the alternative as principals and aiders and abettors. Cupp v. Commonwealth, 87 Ky. 35, 7 S.W. 405, 9 Ky.Law Rep. 877; Ratliff v. Commonwealth, 182 Ky. 246, 206 S.W. 497; Christie v. Commonwealth, 193 Ky. 799, 237 S.W. 660, 661, 24 A.L.R. 599.

■ Appellant objected to the introduction of the testimony that the automobile was being driven toward the point of collision without lights burning when it was seen by witnesses about twenty minutes before the collision. In urging that it was prejudicial error for the trial court to admit this testimony into evidence, appellant relies on the rule which prohibits introduction of evidence of the speed or the manner in which an automobile was being driven at what is regarded as a remote distance from the point of accident. This is not a rigid rule, but, on the contrary, depends on the facts and circumstances of each case. Wigmore on Evidence, 3d Edition, Section 382.

In the case of Kennedy Transfer Co. v. Greenfield's Adm'x, 248 Ky. 708, 59 S.W.2d 978, testimony that one headlight was not

burning about three-fourths of a mile from the scene of accident and two or three minutes before it was held admissible. It was said that evidence of the speed of an automobile is distinguishable from evidence of the condition of the headlights of an automobile in that "the speed of a car is peculiarly under the control of the driver and intrinsically variable, while the lights of the machine are more constant and not likely to be extinguished by the driver while continuing in the dark. It then becomes a mechanical matter." In some cases, where not too remote, we have held the speed of an automobile prior to the accident admissible. Fairchild v. Commonwealth, Ky., 267 S.W.2d 528 (testimony as to speed 200 yards distant from the point of impact held admissible); Wood v. Dennison's Adm'r, Ky., 273 S.W.2d 374 (speed of automobile from 300 to 400 yards until within 150 yards of the point of collision is admissible).

Even though the testimony concerning the condition of the automobile twenty minutes before the accident might be considered too remote when considered alone, there was other testimony consisting of Brown's statement soon after the accident to establish the same fact for which the testimony in question was introduced; namely, the driving of the automobile without lights at the time of the accident. Since there was some evidence that the offending party was driving without any lights at the point of collision, testimony that the lights were not burning twenty minutes before the collision was relevant and admissible to substantiate Brown's statement by showing the prior existence of a continuous act —driving without lights. Wigmore, Evidence, 3rd Edition, Section 382. We, therefore, hold that the admission of the alleged incompetent testimony is not reversible error.

In passing, appellant makes the point that there was no evidence to establish that he was driving the car at the time of the collision. Appellant was the only witness qualified to testify as to who was the driver, since Wilkerson testified that he had "passed out." Appellant stated that Wilkerson had taken over the operation of the automobile just before the accident and was driving it at the moment of the collision. Although his testimony on this point was uncontradicted, it was not conclusive. The jury could, as it did, reasonably infer that appellant was the driver from the evidence that he was driving the automobile twenty minutes prior to the accident and Wilkerson was intoxicated and unconscious in the seat of the car. It was for the jury to determine the credibility of appellant. Bolen v. Commonwealth, 303 Ky. 611, 198 S.W.2d 309. It is true there were no eyewitnesses to the accident except Key, but the circumstantial evidence was sufficient to sustain a conviction of Key for voluntary manslaughter.

Appellant complains that during the trial the Commonwealth presented as evidence and displayed a jug of liquid matter, which was allegedly neither established as containing intoxicating liquor, nor connect- ever, the evidence shows that appellant ad- ed with appellant in any manner. How- mitted that he and Wilkerson acquired some whiskey when they were at a restaurant outside of Rockport. Wilkerson testified that it was moonshine whiskey in two one-gallon jugs. The jug in evidence was picked up by a state patrolman immediately after the accident at the scene of the accident, and he testified he saw another broken jug in the car in which appellant and Wilkerson were riding. We hold that the jug was properly admitted in evidence.

Judgment affirmed.