## Lemon v. Commonwealth.

(Decided October 31, 1916.)

### Appeal from Webster Circuit Court.

1. Criminal Law—Plea of Former Acquittal—Conflicting Evidence—Submission to Jury.—Where the evidence on a plea of former acquittal or conviction is conflicting, it is proper to submit the question to a jury under appropriate instructions.

2. Intoxicating Liquors—Having in Possession for Sale.—Under section 2557b of the Kentucky Statutes, providing that it shall be unlawful for any person to have in his possession liquor for purposes of sale, it is not material whether the accused owned or controlled the building in which the liquor was kept or whether he was the owner of the liquor, as it is the fact of having it in possession for purposes of sale and not the ownership of the building or the ownership of the liquor that constitutes the offense. But in a prosecution under this statute evidence that the accused owned the building and the liquor is competent.

3. Intoxicating Liquors—Sufficiency of Evidence to Sustain Conviction—Circumstantial Evidence Sufficient.—In this class of cases it does not require very convincing evidence to sustain the verdict of a jury. The legislature has put violators of the liquor law in a class by themselves, and, as a result, facts and circumstances which in ordinary criminal cases would not be sufficient to establish guilt will be regarded as sufficient to sustain a conviction for a violation of the liquor laws.

4. Intoxicating Liquors—Weight Given to Verdict of Jury.—In prosecutions for violations of liquor laws this court always attaches great weight to the finding of the jury who seldom if ever do an injustice when they return a verdict of guilty.

5. Appeal and Error—Record Condemned for Failure to Index.—The clerk will not be allowed any fee for transcript of evidence as he failed to index it.

HUNT & BENNETT for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Lemon, prosecutes this appeal from a judgment punishing him for having intoxicating liquor in his possession for sale. The grounds for reversal relied on are (1) that the evidence did not show that he had in his possession the liquor for sale; (2) that his plea of former acquittal barred the prosecution; (3) that the court erred in rejecting competent evidence in his behalf and in admitting incompetent evidence against him.

On the subject of former acquittal the record shows that a warrant was issued against Lemon from a court of a justice of the peace on July 13, 1916, charging him with having in his possession for sale malt liquor. On this warrant he was tried in the justice's court and convicted. He prosecuted an appeal to the circuit court where he was again found guilty, and from the judgment of the circuit court this appeal is prosecuted.

It appears that on the trial of this case in the magistrate's court, as well as in the circuit court, the conviction was rested on evidence that Lemon had in his possession for sale forty-three cases of beer. It further appears that on June 27th, 1916, a warrant was issued from a court of a justice of the peace against J. C. Skelton and Lemon charging them with the offense of having for purposes of sale beer in their possession, but this warrant did not specify the quantity or fix the place where it was kept, although the evidence showed that the beer consisted of one hundred and seventy cases located in a room owned by Skelton. When the trial of Skelton and Lemon on this warrant took place in the magistrate's court on July 13th, Lemon was found not guilty but there was a judgment of conviction as to Skelton.

On the trial in the circuit court from which this appeal is prosecuted, Lemon entered a plea of former acquittal and endeavored to show that the forty-three cases of beer which he was found guilty of having in his possession for purposes of sale were involved in the prosecution against Skelton and him in the magistrate's court when he was found not guilty. The evidence on the subject whether these forty-three cases of beer were involved in the prosecution against Skelton and Lemon in the magistrate's court is very conflicting.

It is the contention of the Commonwealth, and there is evidence to support it, that the prosecution under the

warrant against Skelton and Lemon was confined to an ascertainment of the fact whether the one hundred and seventy cases of beer found in a warehouse under the control of Skelton were held for purposes of sale by Skelton and Lemon or whether Skelton and Lemon were interested in the ownership or possession of this one hundred and seventy cases.

On the other hand, it is insisted by counsel for Lemon that the investigation under the warrant against Skelton and Lemon embraced an inquiry as to the ownership and possession of the one hundred and seventy cases as well as the forty-three cases, and that the jury, with the evidence before them as to the possesaion and ownership of the one hundred and seventy as well as the forty-three cases of beer, found Lemon not guilty.

With the evidence in this condition, the court, on the trial from which this appeal is prosecuted, instructed the jury that they could not find Lemon guilty unless they believed he had in his possession for purposes of sale the forty-three cases of beer described in the evidence, and further instructed them that if they believed from the evidence that Lemon, in conjunction with Skelton, was on the 13th day of July, 1916, tried before a justice of the peace under a warrant dated June 27, 1916, charging them with having in their possession intoxicating liquor for purposes of sale in local option territory, and that the evidence at the trial embraced the forty-three cases of beer found on the premises occupied by Lemon and in question in this case, they should find for the defendant. But that if they believed from the evidence that the said warrant and the former trial embraced only the one hundred and seventy cases of beer and that the forty-three cases were referred to at said trial incidentally and collaterally only, then they should find for the Commonwealth on the plea of former acquittal.

In view of the contradictory nature of the evidence on the subject of whether in the prosecution of Skelton and Lemon the Commonwealth sought to secure a conviction on the ground that Skelton and Lemon, or Lemon alone, had in possession for purpose of sale the forty-three cases of beer or was confined to an inquiry as to the ownership and possession of the one hundred and seventy cases of beer, we think it was proper for the court to submit this disputed question of fact to the jury as was done in the instructions we have mentioned.

These instructions submitted fairly, we think, the issue involved upon this point, and we are not disposed on this question of fact to disturb the finding of the jury that the forty-three cases of beer were not involved in the trial under the warrant against Skelton and Lemon.

The next question is, were these forty-three cases of beer in the possession of Lemon for purposes of sale? There is no claim on the part of counsel for Lemon that he had this beer in his possession for personal use. Indeed, such a claim could not be seriously entertained. His defense is put upon the ground that the beer was not in his possession.

It is provided, in part, in section 2557b, subsection 2 of the Kentucky Statutes: "It shall be unlawful for any person . . . to have in his possession spirituous, vinous or malt liquors, for the purpose of selling them."

. . . Under this statute it is having the liquor in possession for purposes of sale in territory where the sale of liquor is prohibited that constitutes the offense. In prosecutions under this statute it is not material whether the accused owned or controlled the building in which the liquor was kept, although it is, of course, allowable to show his ownership or control over the building as a circumstance tending to show his ownership or interest in the liquor and the purpose for which it was kept. And so a person might be convicted under this statute although he did not own, or have any interest in, or control over the building in which the liquor was kept, if, in fact, the liquor therein contained was in his possession for purposes of sale by him or his agent or if, in fact, he was interested with other persons in the possession of liquor that was kept for sale by him or his agent. Nor is it necessary in order to secure a conviction that it should be shown that the accused was the owner of the liquor or interested in its ownership, as it is not the fact of ownership but the fact of possession for purposes of sale that constitutes the offense. But, of course, in a prosecution under this statute evidence tending to show ownership in whole or in part would be competent and furnish, in connection with possession, convincing evidence of guilt.

The evidence shows that the wife of Lemon owned a store that was conducted for her by Lemon as agent, and that she also owned a wareroom adjacent to or in the vicinity of the store, in which these forty-three cases

of beer were kept, and that Lemon as the agent of his wife had supervision over this wareroom. It is further shown that Skelton had some interest in this beer, or, at any rate, exercised some authority over it, and that, with the permission of Mrs. Lemon, it was put by him in the wareroom owned by her and looked after by Lemon as her agent. It does not appear that Lemon consented that the beer might be put in this wareroom, although he was present when at least some of it was placed there and did not offer any objection to having it put in the wareroom.

It is further shown that Mrs. Lemon was not averse to having this beer stored in her wareroom, but indeed consented that it might be put there, although, of course, she knew that the beer had been obtained for the purpose of selling it in violation of law. But this conduct upon her part is not to be treated as evidence of the guilt of Lemon, although it throws some light on the situation and helps in a way to explain other circumstances tending to show that Lemon did have some interest in this beer and also had it in possession for purposes of sale. Will Edwards, a witness for the Commonwealth, was asked if he heard Lemon make any statements in regard to letting Clay Givens have any "beverage," and he said he heard Lemon say that Givens had run out of "beverage" and had telephoned for four or five cases, although he did not say whether he let him have it or not.

James Breathitt, who was connected with the office of the Collector of Internal Revenue, testified that he learned about some beer being sold in that neighborhood and that Skelton or one Zachary told him to see Lemon about getting a United States government license. That pursuant to this request he called on Lemon who paid him the government license tax of twenty-seven dollars, but said he was doing it for Zachary and had no interest in the business himself.

Zachary testified that he did not authorize any license to be issued in his name or authorize Lemon to pay any license tax for him. That he had no use for a license. He further said that after receiving the license from Breathitt he took it to Lemon, who tore it up, saying that Breathitt had said he would simply make a record of the transaction and would not send out any license.

Lemon denied the substance of what these witnesses said, although admitting that he paid Breathitt the license fee, excusing himself in making this payment by the statement that he owed Zachary the money.

It may be conceded that the evidence of Lemon's guilt is not entirely convincing, and yet we think it sufficient to sustain the finding of the jury. In this class of cases it does not require very convincing evidence to sustain the verdict of a jury. It is often difficult to secure direct evidence against violators of the liquor laws of the State, and consequently circumstantial evidence must generally be relied on to secure their conviction and punishment. Especially is this true where the offense charged is the having of liquor in possession for purposes of sale. The Legislature in an effort to suppress this class of offenders has put violators of the liquor law in a class by themselves and has dealt with them in a manner different from other law breakers. As a result of these statutory enactments, facts and circumstances which in ordinary criminal cases would not be sufficient to establish guilt will be regarded as sufficient to sustain a conviction for a violation of the liquor laws. And this court, in an effort to give effect to the statutes on the subject, has adopted the practice of sustaining verdicts of conviction when there are any facts or circumstances developed tending to show the guilt of the accused, and we always attach great weight to the finding of the jury who seldom if ever do an injustice when they return a verdict of guilty.

In considering this case the jury saw and heard the witnesses testify and had the right to disregard entirely the evidence of Lemon, and putting his evidence aside, the statements of Edwards, Zachary and Breathitt furnished sufficient circumstantial evidence to justify the jury in finding that he was guilty of the offense charged.

It is complained that the court committed error in admitting the evidence of Breathitt. This complaint is rested on the ground that the license paid for by Lemon and issued by the government specified as the place where the beer should be sold the establishment of Skelton, which was some distance from the wareroom in which these forty-three cases of beer were stored. There would be much force in the objection to this evidence except for the fact that Skelton, after his country establishment had been filled up with beer, stored the

forty-three cases in the wareroom of Mrs. Lemon, and the evidence was admissible for the purpose of showing that Lemon had an interest in all this beer—the one hundred and seventy cases as well as the forty-three—and the forty-three cases were in his possession for purposes of sale.

The rejection of the evidence of Charley Ransey, which was to the effect that the forty-three cases of beer were involved in the trial under the warrant against Skelton and Lemon, is also assigned as error. This evidence was competent, but we do not think its rejection was prejudicial error because several other witnesses introduced in behalf of Lemon testified in substance and effect the same as this witness would have testified if permitted.

There is another matter that needs attention. We have a rule of court providing that "The index to the pleadings, orders, judgment and instructions must come first, followed by an index showing the name of each witness and the page on which his testimony begins. The index shall also show the page on which the instructions and all deeds, contracts and other exhibits may be found; and each deed, contract or other exhibit shall be indicated in the index, by the names of the grantor and grantee, or by some other brief description, sufficient to show what the paper is." A copy of the rules, including this one, is in the possession of every circuit clerk in the State, but the clerk who made out this record disregarded that rule entirely. At no place in the record is there any index giving the names of the witnesses who testified in the case or the pages of the record upon which their evidence can be found. For this failure to comply with the rule the record is condemned and the clerk will not be allowed to collect any fee for the transcript of the evidence.

The judgment is affirmed.