## Begley v. Commonwealth.

(Decided October 2, 1917.)

Appeal from Leslie Circuit Court.

1. Intoxicating Liquors—Unlawful Sale of—Sufficiency of Evidence. —In prosecutions for violations of the liquor laws the jury are not bound to accept as true the testimony of the accused or his wit-

nesses. They have a right to consider all the facts and circumstances in the case and may return a verdict of guilty if it is justified by the facts and circumstances, although it may not be supported by direct evidence of guilt.

2. Intoxicating Liquors—Construction of Sections 2557b and 2570 of the Statutes—Device to Evade Statute.—Under Section 2557b of the Kentucky Statutes a conviction cannot be had for giving another a drink of liquor, or for furnishing a little liquor to a neighbor in a case of sickness, or unless the liquor was furnished by the accused to another to be sold, or the accused had it in his possession for the purpose of selling it. But the act of a moonshiner in pretending to give about a 'gallon of whiskey to a sick friend may be treated as 'a device to evade the law as provided in section 2570 of the Kentucky Statutes.

M. C. BEGLEY for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Begley, was convicted of violating the liquor laws of the state, and he appeals.

The evidence shows that Begley was a moonshiner, although he testified "that it had never been proven that he was a moonshine liquor dealer," and that what whiskey he made "was for his own use." He further testified that a woman named Ellen Creech told him that Felix Farmer was sick at her home and needed whiskey, and he directed her to go to his house and get him a little whiskey, and that she went there and took all that he had. That she never paid him anything for the whiskey, nor did he sell it to her.

Ellen Creech says that she got from the house of Begley about a gallon of whiskey; that she told him that Farmer was at her house sick and needed whiskey, and thereupon he directed her to go to his house and get a little whiskey for him.

Farmer testified that he was sick and needed whiskey; that he did not pay for the whiskey Ellen Creech got for him.

It appears from the instructions that the trial court treated the indictment as having been found under subsection 2 of section 2557b of the Kentucky Statutes, and as no demurrer was filed to it or other motion made drawing in question its sufficiency, we will assume that it was a good indictment.

In Com. v. Dickerson, 25 Ky. L. R. 1043, it was held that under this statute a conviction could not be had for giving another a drink of liquor, or unless the accused sold, loaned, procured or furnished to another liquor to be sold by the latter, or had in his possession liquor for the purpose of selling it in forbidden territory. On the authority of these cases counsel for Begley says there should have been a directed verdict in his behalf on the ground that there was no evidence that Begley had violated the statute.

In cases for violations of the liquor laws the jury are not bound to accept as true the testimony of the accused or that of the witnesses in his behalf. They have the right to consider all the facts and circumstances in the case and may return a verdict of guilty if it is justified by the facts and circumstances developed in the evidence, although it may not be supported by direct evidence of guilt. For example, the direct evidence of Begley and his witnesses tended to show that he did not commit any offense under the statute, but in conflict with this there are the competent and relevant facts shown in the evidence that he was engaged in the unlawful manufacture of whiskey, and that Mrs. Creech got from him about one gallon of whiskey, and the establishment of these two facts was amply sufficient to sustain the finding of the jury. Lemon v. Commonwealth, 171 Ky. 822.

It is, said, however, that all of the evidence shows that this whiskey was procured by Mrs. Creech for a sick friend, and that it is not a violation of law to make a gift of whiskey under these circumstances. In support of this proposition the case of the Commonwealth v. Abbott, 147 Ky. 686, is relied on. In that case the accused gave to a neighbor a little whiskey for his sick child, and the court said: "The statute was not intended to punish a neighborly kindness like this."

In the present case, however, the trial court was not persuaded by the facts and circumstances developed that the alleged gift of a gallon of whiskey by a moonshiner was an act of neighborly kindness, nor are we. There is quite a difference between this and the hospitable act of a friend in giving in a sociable way another friend a dram, or the kindly act of one neighbor in giving to another a little whiskey for use in case of sickness, and under circumstances such as are shown in this case, where there has been a conviction, we will not interfere with the finding of the jury upon the fictitious theory that

the act of the accused was prompted either by hospitality, sociability or kindness.

It was to prevent acquittals in cases like this that the legislature enacted section 2570 of the Kentucky Statutes, reading: "No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous or malt liquors without license, or in violation or evasion of any local option laws prevailing in any county, town, city, precinct, or municipality of this Commonwealth." Applying this statute to the facts and circumstances of this case, it seems to us that Begley should not be allowed to evade the operation or defeat the policy of the law by the pretense that the whiskey in question was given for medical purposes and as a mere act of neighborly kindness.

The rulings of the court in the rejection of evidence were not prejudicial and the judgment is affirmed.