### Cox v. Spears and Mullins.

(Decided September 20, 1918.)

### Appeal from Pike Circuit Court.

1. Continuance—Discretion of Court.—An application for a continuance is addressed to the sound discretion of the trial court.

2. Continuance—Abandonment of Case by Counsel.—Where the attorney who prepares the petition abandons the practice of law and goes into other business which calls him away from the court house, the client is entitled to a continuance if it appears that she did not know her attorney had abandoned her case, and the time had not been so great as to raise such a presumption.

3. Continuance—Evidence.—The facts considered and held that the trial court erred in overruling the motion for continuance.

W. K. STEELE and J. S. CLINE for appellant.

E. J. PICKELSIMER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Mrs. Nancy Cox, widow, now about fifty years of age, has been twice married, both of her husbands being dead. At the death of her first husband she was assigned dower from his landed estate, upon which she continued to re-

side. Later on she married John Cox and removed with him some miles, where they took up their residence on land owned by Cox. Some time thereafter Cox died the owner of lands from which the widow was assigned dower. She had some children by her first husband. She decided to return to her old home where dower was assigned her in her first husband's estate, but she left her children by her first husband upon the dower assigned her in the Cox lands. Afterwards a judgment was obtained against the widow in a suit by the remainderman for waste. On this judgment execution was issued and levied upon her dower interest in the Cox lands and a sale was had. This action was then instituted by Mrs. Cox against the execution creditor and the sheriff to set aside the sale made under the execution. Some months after the institution of the action the petition upon motion of plaintiff was taken for true as against the creditor, but not as to the sheriff. Later on a motion was made by the creditor to set aside the order taking the petition for true and this was done, and the creditor filed his answer, the affirmative allegations of which were controverted of record. A few months after this, on motion of the defendant and in the absence of the plaintiff and her counsel, the case was submitted for judgment. On learning of this, Mrs. Cox, who lives some ten miles in the country, immediately came to Pikeville and objected to the submission. She also entered a motion to set aside the submission and continue the case because the same was not prepared and no proof had been taken. She learned that her attorney, J. H. Adkins, who prepared her suit, had ceased to practice law and had gone into the coal business, and was, therefore, not present at the time of the submission of the case. These facts were shown by the affidavit of Mrs. Cox and also of Mr. Adkins, filed in support of her motion to set aside the submission and grant a continuance of the case for preparation. Mr. Spears, the creditor, objected to the setting aside of the order of submission and filed his affidavit. On consideration of the record the trial court overruled the motion to set aside the submission and the cause being on submission was dismissed.

The sole question for determination here is, did the trial court exercise a sound discretion, under the state of the record, in refusing to set aside the submission of

the case and grant a continuance to the widow? Without expressing an opinion as to the merits of the case, we feel that the plaintiff should have an opportunity to present her evidence even though she has been remiss in her preparation of the case, especially in view of the fact that her attorney who filed the suit had withdrawn from the practice of law and had not notified her of the fact, she being an old illiterate woman residing some ten miles from the court house. An application for a continuance is always addressed to the sound discretion of the trial judge, but where the facts are such as to show that the complaining party is not in fault or some unavoidable casualty has intervened, a reasonable opportunity should be granted for the preparation of the case. Here the plaintiff's only attorney, Mr. Adkins, had withdrawn from the practice of law and entered the coal business, which necessarily took him away from the court house. So far as the record discloses Mrs. Cox did not know of this and she had had very little, if any, experience in court proceedings. She was relying upon her attorney to attend to the preparation of the case. The attorney states on oath that he did not know of the motion to submit the case at the time it was submitted, and did not learn of the submission until about the time judgment was entered. These facts considered, it appears that Mrs. Cox was entitled to have the submission set aside and the case continued for preparation.

Judgment reversed with directions to set aside the submission and judgment entered below. The trial court may put the parties upon terms in the preparation of the case.