## Mullins v. Commonwealth.

### (No. 8460).

## Mullins v. Commonwealth.

### (No. 8461).

(Decided November 10, 1922.)

## Appeals from Rockcastle Circuit Court.

1. Criminal Law—Continuance.—Although a defendant charged with a misdemeanor may be tried in his absence as provided by section 184 of the Criminal Code, it is reversible error to refuse him a continuance if a proper showing is made that he is prevented from being present and testifying because of illness.
2. Criminal Law—Continuance.—An announcement by his counsel when the case is called for trial, that he understands defendant is too sick to attend court is not such a showing as is required for a continuance.
3. Criminal Law—New Trial.—In granting or refusing a new trial the trial court exercises a judicial discretion and a reversal will not be ordered because thereof unless such discretion was abused.
4. Criminal Law—New Trial.—Evidence examined, and held the court did not abuse such discretion in denying the defendant a new trial upon the ground that he was unavoidably prevented by sickness from being present and testifying in his own behalf at the trial.

L. W. BETHURUM for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In one of these cases, No. 8460, the appellant was convicted of unlawfully selling whiskey to W. L. Cummins, and his punishment fixed at $300.00 and sixty days in jail; in the other, No. 8461, he was convicted of having whiskey in his possession for sale, and his punishment fixed at $150.00 and thirty days in jail. Both trials were had on the same day and in appellant's absence, and the grounds for reversal are the same in each case, namely, that the court erred in refusing to continue the cases as asked by defendant's counsel when they were called for trial, and in refusing to grant defendant a new trial upon the evidence introduced upon the trial of his motion therefor.

Section 184 of the Criminal Code provides in part that "If the indictment be for a misdemeanor, the trial may be had in the absence of the defendant," but we have repeatedly held that in such cases it is a reversible error to refuse a continuance if a proper showing is made that the defendant is prevented from attending the trial and testifying in his own behalf because of illness. Ehrlich v. Commonwealth, 131 Ky. 680; Veal v. Commonwealth, 162 Ky. 250, 172 S. W. 501; Hunter v. Commonwealth, 174 Ky. 444.

When these cases were called for trial, defendant's counsel simply announced to the court that he understood that defendant was too sick to attend court, and we think it is too clear for argument that the court did not err in refusing a continuance, since that was not in any sense a proper showing even that defendant was sick, much less that he was thereby prevented from attending the trial and testifying in his own behalf. There is, therefore, no semblance of merit in the first contention.

In support of his motions for a new trial in each case the defendant filed affidavits and the court heard proof. As appears from the transcript of evidence heard upon that trial, the defendant, his son Sollie Mullins, Dan Whittaker, Joe Fletcher, Dr. A. G. Lovell and Dr. M. Pennington gave evidence indicating that the defendant was too ill upon the date of the trial and for some days prior thereto to admit of his attendance at the trial; and the defendant himself testified in addition that he was not guilty as charged; that he desired to attend the trial and testify in his own behalf, and that he would have

done so had he been able; that on the morning of the trial he requested his regular physician, Dr. Walker Owens, to so inform the court and that he promised to do so.

If there had been no contradiction of this evidence the motions for new trials unquestionably should have been sustained, as was held under such circumstances in Baker v. Commonwealth, 195 Ky. 847, upon which appellant relies. But the Commonwealth introduced Zack Hansel, Victoria Mullins, Odie Mullins and affidavits of Dr. Walker Owens, which indicated that the defendant, though claiming to be ill, could easily and safely have attended court upon the day the cases were set and called for trial if he had desired to do so. Besides, Dr. Owens testified that on the morning of the trial counsel for defendant had asked him to make an affidavit as his attending physician that he was unable to attend the trial, and that this he refused to do. This statement of Owens, counsel for defendant denies, and the general reputation for morality of two of the Commonwealth's witnesses, Victoria Mullins and Odie Mullins, is proven to be bad by three witnesses introduced by the defendant. Upon this evidence the trial court refused to grant defendant a new trial in either case, and whether or not this was error is really the only question presented by these appeals.

It is a familiar rule that in granting or refusing a new trial, the trial court exercises a sound judicial discretion and that a reversal will not be ordered because thereof unless such discretion was abused. Obviously the court did not abuse such discretion in this case, unless the defendant has established by his evidence with at least reasonable certainty that his absence from court when his cases were called and tried was due entirely to an illness such as would have prevented an ordinarily prudent man from leaving his home on the day of the trial.

Upon this question the proof was certainly contradictory and the evidence of the physician of defendant's own choice, and who was in attendance upon him at the time, is necessarily of great weight, since he was better able to testify as to defendant's real condition on the day of the trial than anyone else who testified about it, and it is inconceivable that he could have had any motive for refusing to make an affidavit for defendant such as would have enabled him to procure a continuance if in

his judgment the facts had justified it, or for testifying falsely against his patient.

The physicians who testified on the trial of the motion for defendant were not called to see him and made no examination of him until the day after the trial, and although they were convinced by the examinations made by them that the defendant was not able to be in court at the trial, we are not prepared to say that the court abused a sound judicial discretion in accepting the judgment of the attending physician as to defendant's real condition on the trial date rather than that of two physicians who did not see him until after that time.

The testimony of the other witnesses to the effect that they saw defendant in or out of bed on that date is really of but little importance, as none of them professed to know anything about his condition except as was indicated by the fact that he was in or out of bed when they saw him.

We are therefore of the opinion that the judgment in each case should be affirmed, and it is so ordered.