## Overstreet v. Citizens' Union National Bank.

(Decided Oct. 23, 1934.)

(As Modified on Denial of Rehearing Dec. 18, 1934.)

O'NEAL & O'NEAL and J. S. LUSCHER for appellant.

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT and LEO T. WOLFORD for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Beckham Overstreet is appealing from a judgment in favor of the Citizens' Union National Bank against him for $5,400 on a note. The action was instituted on September 27, 1932, and summons executed on October 22 thereafter. On November 19, appellant entered motion to require appellee to execute bond for costs on the ground that it is a corporation and the motion was sustained and bond executed. On December 3, he filed a motion supported by his own affidavit asking that appellee be required to file an itemized statement showing the debt and amount of the original loan with dates of renewals, showing increase or reduction thereof, and the interest paid on the debt on such renewals, etc., and the notes which appellant was required to and did execute to appellee for which it did not give him credit but charged interest. This motion was overruled.

On January 7, 1933, he filed a special demurrer to the petition because it was not made to appear therein whether appellee was a partnership suing under its trade-name or a corporation. Appellee thereupon filed an amended petition alleging that it is a corporation created under the national banking laws. On January 28, appellee filed answer and counterclaim and on February 4, an amended answer and counterclaim and on

February 10, he filed a second amended answer and counterclaim which he made a cross-petition against E. T. Meriwether, vice president of the bank.

In his original answer he admitted the execution of the note, but alleged that it was executed without consideration. By various counterclaims he alleged in substance that appellee sold and converted to its own use certain shares of stock which he left with it for safekeeping and at a time when the stock had little market value, but that shortly after such sale and conversion, the stock increased greatly in value and because of such act on part of appellee he lost the difference between the price at which the stock was sold and the price which could have been realized thereafter; that he had pledged to the bank as collateral certain stock and securities listed on the New York stock exchange; that appellee sold the collateral so placed during the unprecedented financial depression in the fall of 1929 when it had actual value but little market value and because of the sale of the stock under such conditions he lost the amount of the note sued upon. He further alleged the execution of certain notes to the bank for sums for which he was not given credit and which were not paid to or for him and upon which he paid sums of interest set out in the petition; that the bank required him to execute these notes and pay the interest thereon as a scheme and plan whereby it collected a higher return of interest and usury upon the note sued upon; that E .T. Meriwether, as vice president of the bank and acting for and on behalf of it, required him to pay the sum of $100 as penalty for not making as large a payment on his indebtedness as the bank requested.

The bank entered a plea of limitation as to the counterclaim for usury and made a general denial of the other allegations of the answer, counterclaim, and cross-petition and alleged that it did not hold the stock which appellee alleged it sold and converted other than as collateral.

On April 6, appellant entered a motion that E. T. Meriwether and W. R. Cobb, vice presidents of appellee, be required to personally appear in court to testify as witnesses in his behalf on the 10th day of April, which motion was sustained.

On April 10, when the case was called for trial, he

entered a motion for continuance supported by a certificate · Dr. James H. Swann, which certificate reads:

"This is to certify that Mr. Beckham Overstreet is under my professional care, and that I have advised complete rest for a few days."

The court sustained appellant's motion and ordered the case passed until April 18. When the case was called for trial on April 18, appellant by counsel entered a motion for continuance supported by his own affidavit and the affidavits of Dolph M. Carver, Drs. James Swann, H. A. Beams, and E. C. Hume. The court overruled the motion for continuance and adjudged the burden of proof to be upon appellant and counsel for appellant declining to introduce proof, the court sustained a motion for a directed verdict in favor of appellee, and, upon the verdict rendered in conformity with the court's direction, judgment was entered as above indicated and appellee's counterclaim and cross-petition dismissed.

On the following day appellant entered a motion to set aside the order overruling the motion for continuance and the verdict of the jury and to award him a new trial and was granted two weeks time in which to file additional grounds and affidavits in support of his motion. Thereafter, he filed his own affidavit and the additional affidavits of Dr. Hume and the affidavits of a number of attorneys and laymen.

The court overruled his motion to set aside the former order refusing a continuance and to grant him a new trial and this appeal followed.

The only question to be determined is whether the court erred in refusing a continuance when the case was called on April 18 or in refusing to grant a new trial on the showing made thereafter. Without going into detail as to the statements contained in the various affidavits, it is made to appear that on April 7, 1933, and during the spring vacation of the Jefferson circuit court, appellant went to Cleveland, Ohio, for the purpose of going through a clinic in a well-known medical institution. Upon the advice of a friend he decided to consult and be examined by two eminent physicians in Cleveland. The affidavits of the physicians show that appellant underwent several examinations which disclosed that he was suffering from infectious neuritis from an

undetermined cause but probably due to teeth or tonsils or both, and it was recommended that the patient remain in Cleveland for at least ten days or two weeks for observation and further examination and for rest and relaxation during that period. However, appellant returned to Louisville and on April 13, consulted Dr. E. C. Hume, a dentist, who has specialized as an exodonist. On April 17, Dr. Hume made an affidavit that he had made a thorough examination of appellant's teeth and found the gums diseased; that an X-ray of the entire lower jaw revealed that it was necessary to extract a number of teeth and treat the gums and he directed the patient to go to Dr. Hendershot, another dentist, to have the lower bridge severed preparatory to extracting the teeth; that this work was done by Dr. Hendershot on April 14, and on April 15, appellant returned to his office where he removed the bridge and extracted five teeth leaving but five remaining on the lower jaw; that at the time the affidavit was made, appellant was incapacitated and unable to try a suit either for himself or for a client and would not be for some time; that he advised rest and further treatment; that appellant's condition was "serious, painful and imminent" and he urged that the work be done at once.

The affidavits on a whole show that appellant was suffering from numbness, a general rundown physical condition, and was confined to his bed continuously from about April 15 up to and including a part of April 20; that he was not in a condition to be present in court or to take any part in a trial of a lawsuit. The affidavits in support of motion and for continuance and for a new trial are uncontroverted.

A motion for continuance is a matter that addresses itself to the sound discretion of the trial judge and appellate courts are reluctant to and will not interfere unless it is clearly made to appear that there has been an abuse of such discretion. Unavoidable absence of a party who may also be a witness does not render it obligatory that the trial judge sustain a motion for continuance on that ground, but it should be granted or refused according to the court's sound discretion, taking into consideration the showing of cause or of good or bad faith on part of the applicant. Cox v. Spears et al., 181 Ky. 363, 206 S. W. 20; Sheldon v. Landwehr, 159 Cal. 778, 116 P. 44; Gaskin et al. v. City of Georgetown, 118 Ky. 251, 80 S. W. 821, 26 Ky. Law Rep. 89.

658

This case presents a phase not treated in any of the cases cited by counsel or found in our research. There are numerous cases dealing with continuance on the ground of absence of counsel and quite as many dealing with continuance asked on the ground of absence of one of the parties. But this case may be distinguished in that it presents both of these causes since the party asking the continuance is also a prominent and capable attorney. It is manifest that appellant was better acquainted with the facts concerning the transactions involved and his alleged defenses than employed counsel could have been and it is equally manifest that his case could be better presented with him present to advise with counsel or to actively participate in the trial.

Under the provisions of our Code of Civil Practice sec. 616 et seq., a plaintiff who is a nonresident or a corporation other than a state bank, may be required to execute bond for costs under a penalty of having his action dismissed upon motion of the adverse party for failure to execute such bond. Appellee's petition was defective in not alleging its corporate entity, however, it is so obvious that appellant could not have been prejudiced by appellee's failure to comply with these rules of pleading or practice that the trial court must have concluded that the motion for bond and the special demurrer served no good purpose, and that they, as well as the motion to require appellee to set out in detail all its transactions with appellant, were not interposed for the purpose of conserving any right of appellant but were made solely for delay.

The trial judge was very indulgent in sustaining appellant's motion for continuance on the 10th of April and in passing the case to the 18th, since the quoted certificate of the physician supporting the motion did not in fact disclose sufficient grounds for a continuance. Probably, these apparently dilatory tactics upon part of appellant had a controlling effect with the court in overruling subsequent motions, however, it must not be overlooked that the affidavits supporting the subsequent motions which were uncontradicted and uncontroverted, indicate that appellant was not physically able to appear in court on April 18 or to advise or direct in the presentation of his defense. Furthermore, it is apparent from the affidavits that appellant's ailments were of a temporary character and not such as would incapacitate him

for any great length of time or cause unreasonable delay in the trial of the case.

Our conclusion is that the showing made by the uncontroverted affidavits warranted a continuance of the case or a setting aside of the verdict and granting of a new trial and that the lower court erred in not sustaining such motions. All other questions specifically reserved.

Judgment reversed for a new trial and for proceedings consistent with this opinion.