## Farris v. Evans et al.

Feb. 6, 1942.

Jay W. Harlan and Henry Jackson for appellant.

Nelson D. Rodes, Sanders E. Clay and Chenault Huguely for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Col. Robert G. Evans, then a resident of Boyle County, died the 5th of September, 1935. His will, dated August 2, 1935, probated in September, provided an ex-

pressed "desire" that Mrs. Evans, named executrix, "by way of remembrance" make suitable gifts to employes—the amounts to be determined by her. By the fourth item he gave the residue of his property to Mrs. Evans.

On July 2, 1940, more than four years after probate, Robert J. Farris, a cousin of testator, instituted suit, seeking to have the will vitiated on the grounds of lack of mental capacity, and exercise of undue influence. No other of testator's many relations joined with the petitioner, but by an amendment, a few days after the filing of the original, plaintiff made defendants nine or more cousins entitled to inherit in case of intestacy. Some three or more of the relatives lived in Boyle County; others in various parts of the country. Warning order attorney was appointed to advise with the non-resident defendants, and reported. Most of these relatives filed answers in due time, adopting the allegations of appellant's pleading, W. J. Gilmore, a cousin, filed intervening petition, and followed suit of the other cousins.

On September 11, 1940, the widow individually and as executrix, made answer controverting the allegations charging incapacity and exercise of influence. On August 30, 1940, the presiding judge met with the Boyle County bar to arrange the docket, setting the instant case for the September term, and transferring it to the law docket. Later, and before day of trial, plaintiff filed his motion and verified grounds for continuance, in which it was stated that Mrs. Evans had not filed answer until September 11, 1940, and that since demurrer to his petition was still pending "he was unable to obtain and present evidence on September 19th, because there were a number of witnesses who resided more than twenty miles from Danville." One who lived in Washington, D. C., an important witness, was expected to return for trial; this witness was in Danville during the month of August, but relying on his "expected return" for trial his deposition was not taken.

It was stated that affiant had been informed on September 9 that due to illness in his family he could not be present at the trial. The substance of his testimony would be, if witness were present and testifying, he had been a close advisor of Col. Evans, who had often stated to him that he intended to devise him certain portions of his property for services rendered; that he (witness) had been informed that testator had executed a prior

will which contained provisions contrary to the terms of the will in question, and as to testator's loyalty to his blood kin, and that "he had expected to remember them and his employes in his will."

Further, that Mrs. Yeager, who was his nurse during testator's last illness and at the time of making the will, had told him that Col. Evans was not mentally competent at the time. It was recited that there were two witnesses in Louisville, Kentucky, not a great distance away, who if present would testify that the attending nurse had told them that testator was mentally incompetent, and that the instrument was procured by undue influence; not statements of fact but mere conclusions.

It was further stated that Dr. McClure had been one of Col. Evans' attending physicians, and that neither appellant nor his counsel had been able to interview him because of lack of time, nor to take his deposition because he is located in Boston. If the physician's evidence were procured it would (according to information) be to the effect that shortly before testator's death he was incompetent to make a will. That Mrs. Taylor of New York City was a frequent guest in testator's home, and if present would say that Col. Evans was incompetent to make a will.

It was also said that if continuance be granted, counsel desired to take the deposition of the widow, as if on cross-examination; likewise the deposition of a cousin who lived in Somerset, who was unable to be present in court and who would say that on numerous occasions testator had told him that he expected to devise portions of his property to kinspeople. Then in a general way it is stated that sufficient time had not been given to interview numerous witnesses, naming none, or outlining proposed evidence, except as to a friend in Pulaski County, would state that Col. Evans had frequently told him of his purpose to remember his blood kin in his last will.

There is an affidavit of the two Louisville witnesses, who say they were acquainted with Mrs. Yeager, the nurse "who now lives in Danville"; that they had never heard Mrs. Yeager make such statements. These witnesses lived in the adjoining County of Garrard from June 1, 1938, until August, 1939, and neither had been approached on the subject.

It was shown that the Washington cousin had been

notified by warning order of the pending of the suit, and came to Danville in August, 1940, and remained two days, in company with some of the contesting cousins. It was also shown that Mrs. Taylor was in Danville from July 9 to August 30, and no effort was made to take her deposition, and that Dr. McClure had resumed his residence in Danville on September 16, and was available as a witness on and after the 18th.

On September 19 there was filed an amended motion and grounds for continuance, stating that the testimony of the Washington cousin was of importance, because he would contradict the testimony of the nurse and the two Louisville witnesses, "who would testify for contestee," and that in 1934 contestee told him that Col. Evans had made his will giving her all the property, which statement the witness denied.

The case was called on September 21, 1940, and after ruling on demurrer the motion for continuance was overruled. At this point, due to the state of the docket, the term was extended and the court set the case for October 1, 1940. On the same day it was made to appear that Judge Alcorn, because of illness, would be unable to preside further, and order was made for a special judge.

On September 25 contestant filed an affidavit stating that the Washington witness, due to illness in his family, would not be able to attend court for some time, but would be able to attend at the January, 1941, term. In the meantime the deposition of Mrs. Evans had been taken. On the date set for trial, for the first time, the Washington relative became a party, filing answer adopting the allegation of the petition; at this point affidavits above referred to in support of motion for continuance were presented. Counter affidavits disclosed that the nurse had been subpoenaed as a witness for plaintiff, but she had been called to Lincoln County by reason of the death of a relative, but that she would be available as a witness during the day.

The judgment recites that at "1:30 p. m. on this day (Oct. 1, 1940), after the motion for continuance had been made in the forenoon and the court indicated intention to deny the motion, the answer of William J. Price (Washington relative) was filed. Thereupon plaintiff renewed his motion to continue the case and presented with said motion his affidavits theretofore filed," whereupon

contestee "consented that all affidavits might be read as depositions of the respective witnesses, subject to relevancy and competency"; the motion for continuance was overruled over objections.

A jury was called and the trial proceeded. The contestee proved the execution and probate of the will and rested.

"Thereupon the plaintiff and the other defendants declined to introduce any evidence or to read either the affidavits or depositions filed."

Contestee moved for a directed verdict, which motion was sustained over objection, and the jury in obedience returned a verdict finding the paper offered in evidence to be the last will of testator. Judgment in accord followed, with exception and appeal granted to all parties, though Robert Farris is, as per statement, the sole appellant.

As we read appellant's brief, particularly the original, the whole argument boils down to the question as to whether or not the court abused a vested discretion in denying continuance. The rule is well settled that the court in ruling on such motions exercises a discretion, and it is only where this court is convinced of abuse a judgment will be reversed. Herrell v. Davenport's Ex'x, 259 Ky. 514, 82 S. W. (2d) 506. In Overstreet v. Bank, 256 Ky. 653, 76 S. W. (2d) 641, 643, we wrote:

"A motion for continuance is a matter that addresses itself to the sound discretion of the trial judge and appellate courts are reluctant to and will not interfere unless it is clearly made to appear that there has been an abuse of such discretion. Unavoidable absence of a party who may also be a witness does not render it obligatory that the trial judge sustain a motion for continuance on that ground, but it should be granted or refused according to the court's sound discretion, taking into consideration the showing of cause or of good or bad faith on the part of the applicant."

The quotation in part is peculiarly applicable, because when we read the argument upon which counsel for appellant expends the greater force, we find it based on the ground that the court abused discretion in denying continuance because of the absence of W. J. Price, at

first apparently a witness, but became a party after the trial judge had indicated that he would overrule the motion. We cite this merely as going to demonstrate a partial lack of diligence, and we cannot overlook the opening phrase of appellant's brief, which manifests a further lack of reasonably prompt action.

"This appellant and other heirs awaited the execution of the contributions or gifts (to employes) for a period of more than four years from the probate of the will, and because of the fact that the said requests had not been carried out, this suit was filed, and that was the cause of delay in the contest."

Considering the main question, it will only be necessary to refer primarily to the substance of affidavits filed with reference to the absence of W. J. Price, and as to what benefit his presence would have afforded. We need not prolong the opinion by repeating the contents of the affidavit. The importance of the testimony of Mr. Price was in part to contradict other witnesses, not to state a substantive fact. Assuming that he would have testified as outlined, there is no intimation that this witness would undertake to state facts indicating testator's mental condition or the matter of improper influence.

There was no effort to show that this witness (later party) was the only person available to contradict the nurse, or other witnesses. As to absence of other witnesses as affecting the question of proper exercise of discretion, there is little to be said. Not a single named absent witness was made to state any fact which would lead to the remote conclusion that Col. Evans was mentally incapacitated, with the possible exception of Dr. McClure, who was available for conference before, and as a witness at the time of trial.

There is lack of showing of diligence in procuring witnesses or in taking depositions of such as appellant had in mind to bring forward; the Civil Code of Practice, Section 315, requires a showing of diligence, as well as a showing of facts (and their materiality) it is believed the witness will prove, "not merely the effect of such facts." In these requirements the affidavits were insufficient, almost to such an extent as to require the trial court to deny continuance, and not be called upon to weigh the matter closely, in exercising discretion.

Counsel also argues that continuance should have .

been granted, since it was developed that all interested parties were not before the court. Again in supplemental brief it is argued that the proceeding was in equity, and hence under Sections 364 or 367, Civil Code of Practice, the trial could not be had until pleadings had been completed in the time specified. Counsel stated in brief:

"It will be noted from the caption that the appellant filed his suit as an equity proceeding."

We note the pleading and find that it is styled "Petition." The argument that Section 4859, Kentucky Statutes, makes the proceeding an equitable action and triable as such, is answered in the negative in the recent case of Henry v. Spurlin et al., 277 Ky. 114, 125 S. W. (2d) 992, which cites authorities. Further we note that the trial judge transferred the case to the law docket, without objection.

Counsel contends that the court erred in impanelling a jury and submitting the issue, suggesting that the section of the statute, supra, provides that no jury shall be impanelled except upon demand of "any of the parties," and asserts that "no one involved in this contest requested a jury." It is recited in the final order that "upon motion and demand of the defendant Lillian Evans, and over objection of plaintiff," the court directed an impanelling.

When the case was called for trial counsel refused to introduce proof, or to read the affidavits presented as depositions of absent witnesses. As bearing on the question of whether or not the court abused his discretion, assuming, as we have indicated, the case stood for trial, we point to Section 315 of the Civil Code of Practice, which after laying down the essentials to justify continuance, specifically provides after showing made:

"If, thereupon, the adverse party will consent that, on the trial, the affidavit shall be read as the deposition of the absent witness, the trial shall not be postponed on account of his absence." Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S. W. (2d) 942.

As to the necessity of bringing W. J. Price, or other parties, before the court, see the recent case of Security Trust Co. v. Swope, 274 Ky. 99, 118 S. W. (2d) 200, and cases cited. Upon consideration of the entire record, and every contention urged by appellant, we are of the opin-

ion that the court did not abuse discretion in overruling motion for continuance, or in directing a peremptory verdict on refusal of contestant to come forward with proof.

Judgment affirmed.