**William O. SKINNER, Plaintiff,**

v.

**William LUNDY and Bill Ralph Johnson, Defendants.**

**No. 574.**

United States District Court
W. D. Kentucky,
Bowling Green Division.

Feb. 15, 1957.

———◇———

J. W. Clements, G. W. Clements, Louisville, Ky., for plaintiff.

Bell, Orr & Reynolds, Bowling Green, Ky., for defendants.

SWINFORD, District Judge.

This case is before the court on the defendants' motion for a new trial.

The motion is made on the single ground that the court erred in overruling the defendants' motion for a continuance on the day of the trial.

The facts out of which the case arose are as follows. The plaintiff was driving a truck in a northerly direction on U. S. Highway 31 W on May 21, 1955. The defendant, William M. Lundy, was the owner of a large tractor and trailer used for hauling livestock. This equipment, being operated by the defendant, Bill Ralph Johnson, while going in a southerly direction near Park City, Kentucky, on May 21, 1955, came into contact with the truck operated by the plaintiff, and as a result of which the plaintiff was injured. The defendant, Johnson, absolved the plaintiff of all blame for the accident and stated that the collision was the result of the skidding of his trailer across the center line into the truck operated by the plaintiff while on its right side of the road. The skidding occurred upon application of the brakes by the defendant, Johnson. It is admitted that the defendant, Johnson, was the agent and employee of the defendant, William M. Lundy, at the time of the accident.

William M. Lundy lived in Memphis, Tennessee, and was engaged in the trucking business. The truck driven by Johnson, and in question here, had left Memphis on the afternoon of May 20, had delivered a load of stock to the Bourbon Stockyards, Louisville, Kentucky, around 2:00 A. M. on the morning of May 21, and after taking six or seven hours of sleep and rest, the defendant, Johnson, left Louisville or its environs and proceeded on his return trip to Memphis. He was thus engaged when the accident occurred near Park City, Kentucky, a distance of some 75 or more miles from Louisville, at about 1:00 or 2:00 P. M. No one was riding with either the plaintiff or the defendant, Johnson, at the time of the accident. It was a cloudy and misty day and the pavement was wet.

This action was filed in the Barren County Circuit Court and removed to the federal court by the defendants. It was placed on the Bowling Green docket and tried at Bowling Green, Kentucky. Bowling Green is a distance of about 125 miles from Louisville and approximately 175 miles from Memphis. I set out these distances in order that it might appear the trouble and expense the plaintiff, Skinner, was put in being required to try his case at Bowling Green at such a distance from his home in Louisville. The same fact is true with reference to the defendants, Lundy and Johnson, answerable at Bowling Green, a great distance from Memphis.

On November 16, 1956, the case was assigned for trial by jury at Bowling Green for Thursday, November 29, 1956, at 9:00 A. M. At the hour assigned for trial on November 29, 1956, the plaintiff announced ready. Thereupon, the defendants appeared by counsel and filed the motion for a continuance on the ground that one of the defendants, William M. Lundy, was unable to be in court by reason of illness and that that fact had not been known by the attorneys for the defendants until the day before the case was assigned for trial. The motion was supported by the affidavit of Charles H. Reynolds, one of the attorneys of record.

The only ground on which reliance is placed is the fact that if present the defendant, William M. Lundy, would have testified that he was one of the persons having knowledge of the condition of the truck operated by Johnson and that

the motor vehicle, prior to the accident, was in good mechanical order and condition and that he had no knowledge that the trailer brakes were deficient and that on May 25, 1955, shortly after the accident, the brakes were repaired.

■ The court was of the opinion that this testimony if offered would be of little or no value to the defendants. Lundy, at best, could only have had knowledge of the brakes at the time the tractor-trailer left Memphis with the load of stock on the afternoon of May 20. The truck had traveled from Memphis to Louisville with a load of stock and back to the scene of the accident. The defendant, Johnson, the driver of the truck, was present and had intimate knowledge of the mechanical responsiveness of the brakes and he offered no testimony that there was anything wrong with the brakes when he left Memphis with a load or any indication of any mechanical defect at any time until the accident. Even though the brakes were in perfect condition at the time the truck left Memphis, the defendant, Lundy, could not avoid liability. The stress and strain put on large tractors, loaded and unloaded, must be recognized. If the brakes become defective upon long hauls and injury results, the owner cannot be relieved of responsibility by saying that he knew them to be in good condition at the time the truck left on a trip.

■ Counsel contends that the presence of a party is always desirable and that assistance cannot be had from any other person. There were two defendants in this case, both of whom were equally liable. One of them, the one who was an eyewitness to the accident, was present in court. The affidavit of the absent defendant was read to the jury and the court felt that it would be an imposition upon the litigants and an abuse of discretion to grant a continuance.

In opposition to the motion the plaintiff attacks the affidavit as not meeting the required formalities of the law. In this he is correct as the affidavit falls far short of setting forth requisites which justify a continuance. Nevertheless, the motion is not overruled for that reason.

■ The granting of continuances or postponements is ordinarily a matter resting within the discretion of the trial court and is not subject to review. Lantz Bros. v. Commissioner of Internal Revenue, 6 Cir., 139 F.2d 192.

The fact that the motion for a continuance was made because the absent witness was a defendant, under the circumstances in the case at bar, does not distinguish it from a case where a witness not a defendant is absent. The relation of the defendant, Lundy, to a truck involved in the accident was more nearly that of a corporation engaged in trucking. Mr. Lundy was not present and knew nothing of the facts of the accident about which he could testify. His knowledge of the condition of the brakes at Memphis would not relieve him of responsibility and it would have no significance on final submission. The duties of the owner and operator of the truck were clearly given to the jury in the instructions.

■■ The unavoidable absence of a party, who may also be a witness, does not make it obligatory on the trial judge to grant a continuance or postponement on that ground. All the facts and circumstances and the rights of all litigants must be considered in arriving at the proper ruling on a motion to continue because of the absence of a defendant. Errion v. Connell, 9 Cir., 236 F.2d 447; Vevelstad v. Flynn, 9 Cir., 230 F.2d 695.

■ The Kentucky Court of Appeals has repeatedly held that it is not an abuse of discretion to deny an absent defendant a continuance. Overstreet v. Citizens' Union National Bank, 256 Ky. 653, 76 S.W.2d 641; Farris v. Evans, 289 Ky. 418, 158 S.W.2d 941.

To have continued the instant case would have put the plaintiff to added expense, difficulty and trouble as well as to have denied him a right to recover

for an injury inflicted upon him by the negligence of the defendants to which he contributed nothing. It is a truism, but should always be borne in mind and given greater emphasis, that justice delayed is justice denied. Trial courts are continually confronted with the problem of keeping their dockets current. If matters which are of inconsequential value to a complaining party are to be accepted as legal grounds for the delay of trial of cases, the dockets must necessarily become congested. I am of the opinion that the defendants suffered no damage by reason of the absence of the defendant, Lundy, even though that absence was unavoidable.

The motion for a new trial should be overruled and an order to that effect is this day entered.