John L. LEWIS, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, Plaintiffs-Appellees,

v.

Spairel BARTLEY, Individually and Doing Business as The Kentucky Clintwood Coal Company, Lookout, Kentucky, Defendant-Appellant.

No. 14666.

United States Court of Appeals Sixth Circuit.

April 7, 1962.

E. R. Hays, Pikeville, Ky., for appellant, Baird & Hays, Pikeville, Ky., on the brief.

Harold H. Bacon, Washington, D. C., for appellees, Val J. Mitch, T. G. Dudley, Charles Widman, Washington, D. C., H. B. Noble, Hazard, Ky., on the brief.

Before MILLER, Chief Judge, McALLISTER, Circuit Judge, and STARR, Senior District Judge.

PER CURIAM.

The issue in this case is whether the district court abused its discretion in refusing to grant defendant-appellant a continuance.

Appellant is an elderly man, gravely afflicted with high blood pressure. On July 18, 1960, he was confined to the hospital because of this condition, and, at that time, on oral motion of his counsel, the case was continued.

At the October 1960 term, the case was assigned for trial on March 21, 1961. Counsel for appellant interviewed witnesses and prepared for trial. However, on March 18, 1961, three days before the date set for trial, appellant was con-

---

fined to the hospital for high blood pressure, and coma resulting from diabetes; and his counsel was advised of this situation only on March 20, the day before the time set for trial. He thereupon called the trial judge and informed him that he would not be ready for trial. When the case was called on March 21, appellees stated that one of their witnesses was appellant who had been served with a subpoena, and that he was a necessary witness from appellees' standpoint. When advised that appellant was confined to the hospital and unable to appear, the court requested the filing of an appropriate motion with affidavits. Among these was the affidavit of Dr. M. D. Flanary, setting forth that appellant was so ill that he was unable to appear for trial. The court stated that he knew Dr. Flanary and accepted everything he said as true, as well as the statements in the affidavit of counsel that appellant was unable to appear. However, he denied the motion for a further continuance, and stated that counsel for appellant could prepare an affidavit setting forth all the facts to which appellant would testify, and that appellees could introduce appellant's deposition, which had been previously taken in support of their case.

Counsel for appellant, after stating that he had gone over the matters with appellant as to what he would testify, filed a comprehensive affidavit setting forth the facts to which appellant would testify if he were present as a witness. After the case was called, and after counsel for appellees and appellant had made a statement of their cases and their contentions to the jury, counsel for appellees introduced in evidence the depositions of appellant, and William J. Baird, and the testimony of Charles L. Widman, Edgar N. Venters, William Blizzard and Everett V. Bryan. At the close of appellees' proofs, counsel for appellant recalled Mr. Widman for cross-examination, and, thereafter, called as witnesses, Banty Francisco, Luther West, Foster Bentley, Amos Bartley, and Joe Davis. Counsel for appellant then read the affidavit which he had prepared as to what appellant would testify if he were present as a witness. At the conclusion of these proofs, the district court stated that appellant had not made out any defense to the case and proceeded to direct a verdict in favor of appellees.

In overruling appellant's motion for a continuance, the trial judge held that the court had discretion to grant or deny motions for a continuance, citing Fields, et al. v. Baker et al. (Ky.), 329 S.W.2d 376, Farris v. Evans (289 Ky. 418), 158 S.W. 2d 941, Overstreet v. Citzens Union National Bank (256 Ky. 653), 76 S.W.2d 641.

The district court, in permitting counsel to read the comprehensive affidavit as to what would be the testimony of appellant if he were present to testify on the trial, and the court's acceptance of the affidavit as to testimony of appellant in the case, gave appellant even more than he was entitled to, since the affidavit, accepted by the court as his testimony, was not subject to cross-examination.

If the questions in this case constituted factual questions to be determined by a jury, it might be said that the appellant would be prejudiced by not being permitted to appear before the jury and having the advantage of personally recounting before the members of the jury and emphasizing the facts to which he testified. But the controlling questions in this case were not factual, but legal. The only contention of appellant is that the court abused its discretion in denying a continuance; and that, under the circumstances, is not the decisive consideration here, since the court, in effect, permitted the testimony of appellant to be introduced, without cross-examination. The issue was one of law, decided by the court, and not one of fact, dependent upon the determination of the jury, after consideration of the appearance, manner, and credibility of the witness. The essential point is not abuse of discretion, but whether appellant suffered any prejudice by reason of the manner of proceeding adopted by the court. The appellant suffered no prejudice as a result

**790**

of the presentation of his testimony through the uncontradicted statements in the affidavit of his counsel.

No prejudice appearing, the judgment of the district court is affirmed.