**Sadie CLICK, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 19, 1967.

Rehearing Denied Oct. 6, 1967.

Joe P. Tackett, Prestonsburg, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of selling alcoholic beverages in dry territory, and her punishment fixed at a $100 fine and 30 days in jail.

The case had been continued for trial several times. It was called for trial one morning and on motion of defendant court was adjourned until 1:00 p. m. Upon reconvening the defendant's counsel moved for a further continuance on the ground that defendant had become ill. The court overruled the motion and a trial was had in which defendant's counsel participated. It is contended that the failure to grant a continuance was reversible error.

At no time did defendant file an affidavit or present any other evidence that defendant was unable to attend the trial. A motion for a continuance must be supported by some competent evidence. Vowells v. Commonwealth, 84 Ky. 52, 8 Ky. Law Rep. 74; Mullins v. Commonwealth, 196 Ky. 443, 245 S.W. 2. In the latter case it was specifically held that a statement of defendant's counsel "was not in any sense a proper showing even that defendant was sick, much less that he was thereby

prevented from attending the trial". We do not think the court abused its discretion under the circumstances shown by this record in declining to grant a continuance on the basis of counsel's oral statement that the defendant was not physically able to be present.

█ In a proceeding of this nature a trial may be had in the absence of defendant. RCr 8.28(3).

█ Defendant also contends that she was misled because she could not locate a witness the prosecution had named in a bill of particulars as having purchased alcoholic beverages from her. But she fails to point out any error committed by the court with respect to this prospective witness. We do not know how we could properly reverse a judgment simply because the appellant was unhappy about a development which the court was not able to or called upon to rectify.

The judgment is affirmed.

All concur.