**Val BAGBY et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1968.

Charles M. Summers, Campbellsville, for appellants.

Lester Spalding, Henry Boldrick, Lebanon, Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Val and Junior Graham Bagby were indicted on May 5, 1967, and tried on May 19, 1967. They were found guilty respectively of willfully and maliciously shooting into a motor vehicle in violation of KRS 435.170(4) and aiding and encouraging said shooting in violation of KRS 435.-170(6). They were sentenced to ten years in the penitentiary. They appeal. We affirm.

On the night of March 10, 1967, or the early morning of March 11, 1967, the Bagby brothers were returning to their home in Taylor County by way of Kentucky Highway 337 from a night of bar-hopping in Lebanon, Kentucky. They saw a tractor parked beside the road. It was occupied by Luther Vaughn, an old friend of both brothers.

K. C. Abel, owner of the Riverside Cafe, said that he had learned that Vaughn had left his tavern in such a condition that it was unsafe for him to drive so he set out to find him. Abel came upon the group, parked his 1966 Chrysler behind the Bagby car and flashed a light over the scene. The Bagby brothers took offense at this, apparently because the light had been shined in Junior's eyes. Abel testified that a scuffle shortly occurred over the gun he carried for his protection. The Bagbys say that Abel shot at them as they approached his car. The result was that Junior was hit in the hand by a bullet. The Bagbys hurriedly returned to their 1956 Chevrolet and "took off" in the direction of their home.

A chase then followed, the details of which are disputed by the parties. The Bagbys claim, and Abel denies that the Chrysler bumped the Chevrolet several times from the rear. Abel says that the Bagbys were pursuing him and he was trying to get away from them. Everyone agrees

that before the escapade ended in a wreck of both cars, Val had shot out the rear window and hit the front grill area of Abel's car with bullets from a rifle that was in the Bagby car. The reason they give for shooting at Abel's car was to puncture the radiator, cause the car to heat up and enable them to escape.

On May 13, 1967, counsel for Bagbys served the Commonwealth's attorney with notice that on May 19, 1967, the date set for the trial, he would move for a continuance because the testimony taken before the grand jury had not been prepared, therefore, he could not examine it. The motion was made and overruled after arguments were heard. Bagbys claim that this was error, but they admit that their attorney received the transcript three days before the trial. They rely on RCr 5.16(2) which in part provides "that any person indicted by the grand jury shall have a right to procure a transcript of any stenographic notes or recordings relating to his indictment or any part thereof by paying the prescribed fee therefor."

To answer this contention the Commonwealth relies upon Amburgey v. Commonwealth, Ky., 415 S.W.2d 103 (1967) which holds that:

"RCr 5.16 does not require that the testimony of witnesses before a grand jury be taken and transcribed. In White v. Commonwealth, Ky., 394 S.W.2d 770, it was held that a defendant had no cause to complain of the overruling of his motion for a transcript of the stenographic notes of the testimony before the grand jury when no such notes were made."

Citing Riordan v. Riordan, Ky., 252 S.W. 2d 901 (1952) and Simpson v. Sexton, Ky., 311 S.W.2d 803 (1958) it argues that granting or denying a continuance is within the discretion of the trial court and that unless this discretion is clearly abused the appellate court will not disturb the ruling.

The Commonwealth also says that because of the failure of counsel for defendants to support the motion with an affidavit stating facts upon which the motion was predicated no complaint that the trial court did not give him more time is meritorious. It relies upon RCr 9.04; Click v. Commonwealth, Ky., 418 S.W.2d 415 (1967); Wagner v. Commonwealth, Ky., 355 S.W.2d 151 (1962) and Smith v. Commonwealth, 278 Ky. 384, 128 S.W.2d 590 (1939).

In Farris v. Evans, 289 Ky. 418, 158 S. W.2d 941 (1942) we said:

"* * * the whole argument boils down to the question as to whether or not the court abused a vested discretion in denying continuance. The rule is well settled that the court in ruling on such motions exercises a discretion, and it is only where this court is convinced of abuse a judgment will be reversed. Herrell v. Davenport's Ex'x, 259 Ky. 514, 82 S.W.2d 506. In Overstreet v. [Citizens' Union Nat.] Bank, 256 Ky. 653, 76 S.W.2d 641, 643, we wrote:

'A motion for continuance is a matter that addresses itself to the sound discretion of the trial judge and appellate courts are reluctant to and will not interfere unless it is clearly made to appear that there has been an abuse of such discretion.' "

Wide latitude must be given to the trial tribunal in conducting the affairs of the court. Without an affidavit revealing facts which show to us that the trial court abused its discretion we will not declare that an error was committed. Wagner v. Commonwealth, Ky., 355 S.W.2d 151 (1962); Pennington v. Commonwealth, Ky., 371 S.W.2d 478 (1963).

Val admits the shooting and Junior admits that he operated the car. There was proof that Junior aided Val in his actions. They try to justify these actions on the claim of self-defense. The jury rather than this court is the trier of the facts. Proctor v. Com., Dept. of Highways, Ky., 412 S.W.2d 252 (1967); Com., Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510

(decided January 12, 1968). It was its province to believe or disbelieve the testimony of the accused with respect to justification. Begley v. Commonwealth, 176 Ky. 796, 197 S.W. 448 (1917); Christie v. Commonwealth, 193 Ky. 799, 237 S.W. 660, 24 A.L.R. 599 (1922); Schuster & Chambers v. Commonwealth, 232 Ky. 171, 22 S.W.2d 586 (1929).

Bagbys urge reversal on the additional claim that the testimony of the prosecuting witness was incredible and full of contradictions so that it lacked the quality of probative evidence necessary for a conviction. They cite the following cases as supporting their contention that the verdict cannot stand. Richie v. Commonwealth, Ky., 242 S.W.2d 1000 (1951); Minix v. Commonwealth, 266 Ky. 801, 100 S.W.2d 825 (1937) and Holcomb v. Commonwealth, Ky., 280 S.W.2d 499 (1955).

■ They can find no comfort in the Richie and Minix cases because these two make it clear that when the defendant admits, or the undisputed proof shows, that the accused committed the offense, to support "his act on the ground of self-defense, it is incumbent upon him to convincingly establish that justification * * *" however, "* * * the sufficiency of the evidence (is) a question for the jury." The Holcomb case stands for the proposition that if the defense is "* * * supported by uncontradicted evidence, it is the duty of the trial court to direct the acquittal of the defendant * * *". In the case now before us there is conflicting evidence. We have examined the testimony and find that the verdict of the jury is supported by sufficient evidence of probative value. Shepherd v. Commonwealth, 236 Ky. 290, 33 S.W.2d 4 (1930); McGahan v. Commonwealth, 257 Ky. 422, 78 S.W.2d 308 (1935); Hatton v. Commonwealth, Ky., 412 S.W.2d 227 (1967). We are therefore powerless to hold that the verdict of the jury was not justified.

The judgment is affirmed.

All concur.